(\*) WHITE *versus* OLIVER.

Upon the erection of a building under a special contract, the contractor, though he may have departed from the contract as to the size of the building and quality of the work, yet if the building have been accepted, is entitled to recover for the labor and materials at the contract price, deducting so much as they are worth less on account of the departures.

ON EXCEPTIONS from *Nisi Prius,* RICE, J. presiding.

ASSUMPSIT to recover for labor and materials expended in erecting for the plaintiff a dwellinghouse upon her own land.

The defendant introduced evidence tending to prove a contract between the parties, by which the house was to be built of certain dimensions and quality of finish, for the sum of $450; and that it was built of different dimensions, and some parts of it were yet unfinished. Upon the question whether the work and materials were of suitable quality, there was conflicting testimony.

Before the work was commenced, the defendant advanced to the plaintiff $300, and, before this suit was brought, she entered into possession of the house.

The plaintiff's counsel contended, upon evidence which is not stated in the exceptions, that, if there had been a contract, it was waived by the parties.

The Court instructed the jury, that if there was a contract, and if the plaintiff had not fulfilled it, and if it had not been waived, " he must make it good to the defendant, and was entitled to receive for the house only the balance that would remain, after deducting from the contract price as much as it would cost to make the house what it should have been by the contract."

To this instruction the plaintiff excepted and the verdict was for the defendant.

*Gilbert,* for the plaintiff.

The rule prescribed in the instructions is erroneous. Its operation would be unjust. The contractor may have built a valuable house in a manner different from the specifications in his contract; defendant takes it and has the benefit of his

labor and materials. Suppose the contract price to have been $1000. It is worth, as built, but $900. But it would cost five hundred dollars, not to *complete*, but to *alter* the house and make it conform in work, materials and style in all respects, to the specifications. Thus by this rule, he would receive but $500 for what cost him $900, and for what the defendant, who might have rejected it, nevertheless chooses to take, notwithstanding the failure of exact performance. The law cannot be so unjust.

Neither is it a sound rule that the contractor shall recover what the house is actually worth in all cases. This doctrine has been overruled in some of the States, perhaps wisely.

But the true rule is found to be that *he shall recover a sum to be ascertained by deducting from the contract price so much as the house is worth less on account of the deviation proved.*

This rule, it will readily be perceived, in cases, not of failure to complete, but of deviations, or of inferior quality of workmanship or materials, may have an operation totally different from that given to the jury. Where the non-fulfilment consists in a failure to complete, the result is the same, because the cost of completion shows the diminished value resulting from the failure.

Not so however in the other class of cases. The house is finished, but not as agreed. The proprietor has taken possession and must pay. The house is of less value than it would have been, if built according to the contract, yet is valuable, and it might cost more than its value to reconstruct, and make it what it would have been by the specifications.

In *Jewett* v. *Weston*, 11 Maine, 346, a house was to be built by contract. There was a deviation. The defendant took the house, and the jury were allowed to deduct from the contract-price as much as would compensate the defendant for any failure of fulfilment. The Court, to support that doctrine, cite *Hayward* v. *Leonard*, 7 Pick. 181. In that case the facts were similar.

The jury were instructed to render a verdict for what the house was worth. There was a new trial, because, as the

Court said, the jury *"should have been instructed to deduct from the contract price so much as the house was worth less on account of these departures."*

This is the rule for which I contend. It is just. The defendant in taking the house, which she might have repudiated, waives matters of taste and all similar considerations; but nevertheless is entitled to have it at a price proportionate to that for which she was to have had a better house.

*Ingalls,* for the defendant.

In this case the whole question of contract, waiver and fulfilment was properly left to the jury. The only question raised by the exceptions is as to the measure of damages. Upon this point the instructions of the presiding Judge were in accordance with well established principles. *Hayden* v. *Madison,* 7 Maine, 76; *Jewett & al.* v. *Weston,* 11 Maine, 346; *Hayward* v. *Leonard,* 7 Pick. 181; *Thornton* v. *Place,* 1 Moody & Robinson, 218; *Phelps* v. *Sheldon,* 13 Pick. 50; *Smith* v. *First Congregational Meetinghouse in Lowell,* 8 Pick. 177; *Leggett* v. *Smith,* 3 Watts, 331.

HOWARD, J. — If the plaintiff constructed the house for the defendant, under a special contract, as the evidence tended to show, there were such departures from it admitted, that he cannot recover the stipulated price, in a suit upon the agreement. But, as the defendant took possession of the house after the work was done, claiming it as her own, as it is understood, the plaintiff may recover in general *indebitatus assumpsit,* for the labor and materials; the value to be estimated in reference to the contract price, and the benefit derived by the defendant under the agreement, and not to exceed that price.

In such cases, the rule of damages laid down in *Keck's* case, (Buller's *Nisi Prius,* 139,) has been much discussed. But the opinion now prevails, and it may be regarded as settled doctrine, that the party accepting the labor and materials under such agreement terminated, may be entitled, in respect to the compensation to be made, to the benefit of the

contract which he has not repudiated, or contributed to break; and the party furnishing, though he may have failed to fulfil the agreement may still recover for the services and materials the contract price, after deducting so much as they are worth less on account of his departures from the contract. *Jewett* v. *Weston*, 11 Maine, 346; *Hayward* v. *Leonard*, 7 Pick. 181; *Snow* v. *Ware*, 13 Metc. 49; *Jewell* v. *Schroeppel*, 4 Cowen, 564; *Ladue* v. *Seymour*, 24 Wend. 60; *Lucas* v. *Goddwin*, 3 Bing. N. C. 737; Chitty on Contracts, 569, note a; 2 Greenl. Ev. § 104.

The rule embraced in the instructions to the jury, that there should be deducted from the contract price as much as it would cost to make the house what it should have been by the contract, might operate unjustly upon the plaintiff, after he had furnished the labor and materials, and the defendant was enjoying the benefit of them. To make the house such, might cost more than the original contract price, and thus the defendant might receive the labor and materials of great value, without making any compensation. If she chooses to take and enjoy the fruits of the contract, she is bound to pay for them, upon the plainest principles of justice, after a deduction is made upon the rule stated. Having accepted the materials and services, she cannot require the plaintiff to reconstruct the house, so as to make it conform to the specifications in the contract, nor by a deduction from the contract price, to furnish the means for that purpose.

*Exceptions sustained.*

SHEPLEY, C. J., and WELLS and HATHAWAY, J. J., concurred.

