TAYLOR & CO. v. KIER ET AL.

1. **Practice in the Supreme Court:** APPEAL IN EQUITY CASE: EVIDENCE. Upon appeal in an equity case all the evidence *offered* on the trial should be certified to the Supreme Court. An abstract certified to contain all the evidence *introduced* on the trial is insufficient to authorize a trial of the case *de novo* by the appellate court.

*Appeal from Decatur Circuit Court.*

FRIDAY, OCTOBER 22.

ACTION in chancery to foreclose a mortgage. There was a decree in the court below granting the relief prayed for in plaintiff's petition. Defendants appeal.

*Harvey & Young*, for appellants.

*William McNett*, for appellees.

BECK, J.—I. The answer of defendants sets up that the property described in the mortgage is and was when the mortgage was executed the homestead of defendants, who are husband and wife; that its execution by the wife was procured by fraud, threats and duress, and that a part of the consideration of the notes secured by the mortgage is for intoxicating liquors sold by plaintiffs to the husband, in violation of law, for the purpose and with the intent to enable him to sell it contrary to the provisions of the statute of the State. The husband also pleads a counter-claim seeking to recover thereon for payments made for intoxicating liquors unlawfully sold by plaintiffs to him. The cause was tried as an equitable action in the court below. The action is triable here *de novo*.

The plaintiff insists that the counter claim was not properly pleaded in this case, as the cause of action was exclusively cognizable in equity, and can be reviewed here only upon errors as an action at law. No objection upon this

ground was raised to the counter-claim in the court below; it cannot be first urged here. For another reason the objection cannot be urged in this court. The whole case, including the counter-claim, was tried in the court below as an action in chancery. If the counter-claim was erroneously tried in this manner (a point we do not decide) it will be regarded as to the manner of its trial in this court as an equitable action. *Van Orman v. Merrill*, 27 Iowa, 476; *Richmond et al. v. The Dubuque & Sioux City Rail Road Company*, 33 Id., 422; *Tugel v. Tugel & Tagen*, 38 Id., 349; *Sturgeon v. Hock*, 43 Id., 155.

The defendants maintain that the cause, including the counter-claim, is triable in this court *de novo* as an action in equity. This position is correct.

II. The testimony is before us upon a certificate of the judge trying the case, to the effect that it constitutes all the evidence *introduced* upon the trial in the court below. The certificate does not show that the record contains all the evidence offered upon the trial, in accord with the requirements of the statute. See Miller's Code, § 2742; Acts Seventeenth General Assembly, chapter 145. This provision requires that all the evidence offered at the trial of an equitable action be taken down in writing, and that evidence so taken shall be certified to this court. The reason and necessity for this provision will be understood by considering that trials of equitable cases are had here *de novo*, and that we pass upon the competency of the evidence. Without the provision the court below would determine all questions pertaining to the competency of evidence, and we could decide it only upon the evidence *admitted* in the court below. We could not correct the error should evidence be improperly rejected. The certificate in this case shows that the record contains all the evidence admitted but not all the evidence offered. It shows that the evidence admitted is preserved and nothing more: we cannot presume that no evidence was offered and rejected. The case is, therefore, not in a condition to be tried here.

AFFIRMED