## ALEXANDER v. McGREW ET AL.

1. **Practice:** CERTIFICATION OF EVIDENCE. Where the certificate does not purport to be attached to any evidence, and does not properly identify the evidence, it is defective.

2. ———: ON REHEARING. Defects of certificate and abstract considered.

3. **Practice in Supreme Court.** *Held*, that the appellee may supply evidence and still insist the certificate is defective; that the objections to the certificate need not be specifically set out; that the party having the burden of proof, in a trial *de novo*, is entitled to the opening argument; and that overruling a motion to strike out the evidence, will not preclude the court from determining whether the record is such that the case can be examined upon its merits.

*Appeal from Clarke District Court.*

FRIDAY, DECEMBER 9.

ACTION to foreclose a mortgage. Defense usury. Decree for plaintiff. Defendants appeal.

*Stuart Bros.* and *Henry Stivers*, for appellants.

*H. L. Karr*, for appellee.

ADAMS, CH. J.—The appellee insists that the judge's certificate to the evidence is insufficient, and that the judgment 1. PRACTICE: must, for this reason if no other, be affirmed. The certification of evidence. certificate set out in the appellant's abstract is in these words:

"Be it remembered that this cause was submitted to the court upon the following, and no other evidence, and that the following constitutes all the evidence in the case:

On the part of the defendants: Testimony of R. F. McGrew; testimony of W. H. Hall.

On the part of plaintiff: Note and mortgage of defendant; testimony of L. M. Wilson; deposition of W. H. Alexander.

On rebuttal: Testimony of R. F. McGrew.

And the foregoing is signed in open court as evidence of the facts herein contained, this November 27, 1879.

                    R. C. HENRY, *Judge.*"

Section 2742, Miller's Code, provides that all evidence offered upon the trial shall be taken down in writing, except where the evidence is taken in the form of depositions, as may be done. It also provides that all evidence so taken shall be certified by the judge, be made a part of the record, and go on appeal to the Supreme Court.

In the case at bar the certificate does not purport to be attached to any evidence, nor does it refer to any testimony as taken in writing, except the deposition of one witness. The certificate shows merely the names of the witnesses and the side upon which they were introduced, respectively. We cannot think the certification of the names of the witnesses is a certification of the evidence within the meaning of the statute. There should be some clear and unmistakable means of identifying the evidence from the certificate. There should not be less certainty in regard to the evidence in an equitable action, when brought to this court, than in regard to the evidence in an action at law, when embraced in a bill of exceptions. We can but think, therefore, that the certificate in this case is in sufficient and that the appeal must be

                              DISMISSED.

#### ON REHEARING.

ADAMS, CH. J.—The question upon which this case was decided was not as to whether the abstract was defective, but as to whether the certificate of the trial judge was defective; and we held that it was.

It is true, the abstract is also defective, in that it contains no statement that it is an abstract of all the evidence, and the case is triable *de novo*, if at all. But the appellee makes no objection to the abstract upon this ground; and what is more, he files an amended abstract, and sets out the evidence upon which he relies. So far, then, as

the defect in the abstract is concerned, the case is brought clearly within the rule in *Starr v. Burlington*, 45 Iowa, 92, and the appeal could not be dismissed upon that ground. It was our duty to proceed precisely as if the abstract had contained a statement that it is an abstract of all the evidence. Where the abstract contains such statement, we assume not only that it is true, but that the evidence was made of record by due certification, unless it is made to appear to the contrary. But in this case, it is made to appear that the evidence was not made of record by due certification. The certificate is set out, and it is a mere certificate of the names of the witnesses, and not of the evidence. The appellant insists that it is a certificate of the evidence, because the testimony of the witnesses is referred to, and he contends that we ought to assume that reference is made to the report of the referee. We find indeed what purports to be a report of a referee, and in it we find a statement that the testimony taken was returned into court; and the names of the witnesses in the report appear to correspond with the names of the witnesses in the certificate. But there is no certificate of the judge as to what was returned into court. To determine that we must rely upon something which the law does not make the evidence of the fact.

The certificate is defective for another reason. It does not show that the testimony of the witnesses mentioned was all the evidence offered. *Taylor v. Kier*, 54 Iowa, 645.

If we understand the appellant, he claims that it is immaterial whether there was any certificate at all or not, inasmuch 3. PRACTICE in supreme court. as the appellant sets out certain evidence or what he claims to be such. And the appellee, by an amended abstract, undertakes to supply all deficiency.

But it is the appellee's right, through caution, to supply all evidence which he desires, and still insist that the evidence was not properly certified. That is what the appellee in this case did.

The appellant contends that the form of the objection made by the appellee to the sufficiency of the certificate is not such as to justify us in holding it insufficient. The objection is made in these words: "The certificate of the judge as to the evidence is uncertain, vague, and not such as the law requires."

The appellee is not required to set out his objection specifically as in assigning error. The statute prescribes what the certificate shall be, and we think that it is enough for the appellee to say that it does not conform to the statute.

But it is said that the appellee had the right to make the opening argument; that he allowed the appellant to make it, and that he should now be confined simply to a reply, and that all other points made by him should be disregarded.

The opening argument in a case triable *de novo* in this court should be made by the party having the burden of proof. The defendants admitted the execution of the notes and mortgage, and set up usury as their only defense. The burden of proof then was upon the defendants.

Finally, it is said that the appellee filed a motion before the submission of the cause to strike out the evidence; that the motion was overruled, and that he ought, therefore, now to be precluded from insisting virtually upon the same thing on the hearing.

Our practice is not to strike out the evidence upon motion where we have any considerable doubt as to what ought to be done, or where a proper ruling would require a somewhat careful or extended investigation of the abstract. We either overrule the motion or require it to be submitted with the case. Where we overrule the motion, we do not consider ourselves precluded from determining whether the record is such that we can properly proceed to the consideration of the case upon its merits, especially where the appellee insists in his argument that we cannot.

The former opinion must be adhered to, and the appeal dismissed.