CLINTON LUMBER COMPANY V. MITCHELL ET AL.

1. **Appeal to Supreme Court:** TRIAL DE NOVO OR UPON ERRORS. In order to secure a trial *de novo* in the supreme court, not only all the evidence *received*, but all the evidence *offered*, must be certified. If, however, questions asked are not allowed to be answered, and the evidence offered thus made a part of the record, the defeated party must be allowed a review of such rulings upon error.

2. **Evidence:** DECLARATIONS OF DISINTERESTED PARTIES TO THE RECORD. Where creditors of T. had levied attachments on property held by T. in the name of T. & Co., and the only contest was between the attaching creditors and intervenors, who claimed to have a superior lien by virtue of chattel mortgages made by T. & Co., *held* that evidence of the declarations of T. and his wife, that they were partners, constituting the firm of T. & Co., was inadmissible, it being, as between the contending parties, mere hearsay.

3. **Trial de novo:** APPELLEES PRECLUDED FROM OBJECTING TO. Where the evidence offered was not all certified, but it appears that the uncertified portion was excluded upon objections made by the appellees, they cannot be heard to object to a trial *de novo* upon that which was admitted and certified.

4. **Evidence of Partnership:** NOT SUFFICIENT. The evidence of a partnership, claimed in this case to exist, considered, and *held* insufficient.

5. **Practice in Equity:** INTERVENTION: JUDGMENT. Intervenors by equitable proceedings to establish the priority of their liens, though they fail in that, ought, when they ask for it, and show facts entitling them thereto, to be granted personal judgments against their debtors—parties to the cause.

*Appeal from Greene Circuit Court.*

THURSDAY, JUNE 7.

IN 1875 and 1876, S. H. Templeton was engaged in selling sewing machines at Boone, Iowa. He gave bond to the sewing machine company, with T. J. Ross, E. W. Lockwood, and J. C. Mitchell as his sureties. Templeton defaulted on his bond, and in May, 1879, judgment was rendered against him and his sureties, in the sum of $5,161.08, which his sureties paid in November, 1879. In December, 1870, each

of these sureties commenced an action against Templeton for the sum he had paid, and attached the stock of a lumber yard at Scranton, operated by Templeton. On the tenth day of March, 1881, judgments were entered in each of these actions against S. H. Templeton. On the seventeenth day of March, 1881, before special executions issued, the Clinton Lumber Company, the plaintiff, and one of the appellants in this case, filed in each of said causes a petition of intervention, alleging in substance that S. H. Templeton & Co. were engaged in keeping a retail lumber yard at Scranton, and were indebted to intervenor, on the twenty-first day of December, 1880, for lumber sold for said yard, in the sum of $1,404.87, upon which day the said S. H. Templeton & Co. executed to intervenors a chattel mortgage upon the lumber in their lumber yard at Scranton, being the same as that levied upon by Mitchell, Ross, and Lockwood, respectively. Intervenors ask judgment against S. H. Templeton and Co. for the amount of their claim, and that their lien be declared superior to that of the attaching creditors. On March 17, 1881, Gardiner, Batchelder & Co., and Curtis Bros. & Co., and on April 13, 1881, C. N. Paine & Co., each filed separate petitions of intervention, in substance the same as that of the Clinton Lumber Company; Gardiner, Batchelder & Co. alleging that S. H. Templeton & Co. executed to them a chattel mortgage on said stock of lumber on the twenty-third day of December, 1880, to secure them in the sum of $775.91 for lumber, etc., sold them; Curtis Bros. & Co. alleging that on December 17, 1880, S. H. Templeton & Co. executed to them a chattel mortgage on said stock of lumber, to secure them in the sum of $65.67, for sash, doors, etc., sold them; and C. N. Paine alleging that S. H. Templeton & Co. were, on the sixth day of October, 1880, indebted to them for lumber and shingles in the sum of $161.80. On October 6, 1881, Walter Shoemaker & Co. and J. & A. Stewart & Co. each filed a petition of intervention, in substance the same as

that of the Clinton Lumber Company; the said Walter Shoe-maker & Co. averring that on the fifteenth day of November, 1880, S. H. Templeton & Co. were indebted to them for lumber in the sum of $423.49, and that they obtained judgment by default therefor in May, 1881, and the said J. & A. Stewart & Co. alleging that on December 2, 1880, S. H. Templeton & Co. were indebted to them in the sum of $473.90, and that they recovered judgment therefor in May, 1881.

On March 22, 1881, special executions were issued in each of the attachment suits, and on March 16, 1882, the attached property was sold, realizing the sum of $3,103.65.

On the seventh of April, 1881, the Clinton Lumber Company filed a petition in equity, making S. H. Templeton & Co., S. H. and Sarah A. Templeton, J. C. Mitchell, T. J. Ross, E. W. Lockwood, and Thomas Fowler, sheriff, parties defendant, alleging substantially the same facts as set forth in their petition of intervention, asking judgment against S. H. Templeton & Co. for the amount of their claim, and praying that the sheriff be enjoined from paying the proceeds of the attached property to the attachment plaintiffs. Gardiner, Batchelder & Co., Curtis Bros. & Co., and C. N. Paine & Co. filed like petitions in equity. The judge ordered an injunction, which was duly issued, restraining the sheriff from paying over the proceeds of the attached property until further order of the court. At the October term, 1881, on motion of the defendants, the court ordered that the issues joined on the petitions of intervention be tried as equitable issues, and that the evidence be taken down in writing. Afterward, it was ordered that all the causes be consolidated. At the March term, 1882, the causes were tried, the petitions of intervention were all dismissed, the injunction was dissolved, and the sheriff was directed to apply the proceeds of the attached property towards the satisfaction of the executions in his hands. The intervening plaintiffs appeal.

Clinton Lumber Company v. Mitchell.

*L. A. Ellis* and *Russell & Tolliver*, for appellants.

*C. II. Balliet* and *Brown & Carney*, for appellees.

DAY, CH. J.—I. We have been somewhat embarrassed in our consideration of this case, on account of the condition of the record. The causes were tried as equitable

1. APPEAL to supreme court: trial de novo or upon errors.

actions, upon evidence taken down in writing. Chapter 35, laws of 1882, which is a substitute for section 2742 of the Code, provides that all the evidence offered in the trial shall be taken down in writing, and certified by the judge within the time for an appeal, and be made a part of the record, and go on appeal to the supreme court, which shall try the cause anew. Under this provision of the statute, the record should contain not only all the evidence *received* upon the trial, but all the evidence *offered*. See *Taylor v. Kier*, 54 Iowa, 645. In this case the record shows that the appellants propounded questions to several of the witnesses, to which the appellees objected, and the objections were sustained, and the questions were not allowed to be answered. It therefore appears affirmatively that the record does not contain all the evidence offered. The appellants objected to the exclusion of the evidence offered by them, and they assign the rulings of the court thereon as error. The appellees insist that the case cannot be reviewed upon errors assigned, and that it cannot be tried *de novo*, because the record does not contain all the evidence offered. The provisions of the statute can be complied with, and the full benefits of a trial *de novo* can be secured, only by causing to be written down all the evidence offered. This is clearly indicated in *Tayler v. Kier, supra.* Still, if questions asked are not permitted to be answered, and thus made a part of the record, the defeated party must be allowed to have a review of such rulings upon error, otherwise he would practically be denied the benefit of an appeal.

II. The intervening plaintiffs claim that S. H. Templeton

and his wife, Sarah A. Templeton, were engaged as partners,

2. EVIDENCE: declarations of disinterested parties to the record.

under the firm name of S. H. Templeton & Co., in the lumber business at Scranton; that as such partners they became indebted to the intervenors for lumber, sash, doors, etc., sold them, and that intervenors have a right to the satisfaction of their demands out of the partnership property, which is superior and paramount to the rights of the attaching creditors, who are creditors simply of S. H. Templeton. The principal questions which the appellants asked, and which the court rejected, sought to elicit declarations, at various times, of S. H. and Sarah A. Templeton, that they were engaged in business as partners. It is to be observed that the Templetons do not contradict their liability as partners to the intervenors. In fact the whole testimony shows that they are anxious to promote the claim of the intervenors. The whole controversy is between creditors of S. H. Templeton, and parties who claim to be creditors of S. H. Templeton & Co. Now, however competent the declarations of S. H. Templeton and his wife might be to establish the fact of a partnership against themselves in favor of creditors, it is evident that such declarations are not admissible to establish such fact to the prejudice of those whose interests will be injuriously affected by the establishing of such partnership. As. to such persons, such declarations are hearsay. We have carefully examined all the various rulings upon the evidence complained of, and we think that no evidence was rejected by the court which could properly be considered, or which, if admitted, could materially have affected the result.

III. The appellants insist that upon the evidence admitted they are entitled to a reversal of the case. To this the

3. TRIAL de novo: appellees preclud- ed from ob- jecting to.

appellees reply that there can be no trial *de novo*, because the record does not contain all the evidence *offered*. The questions not answered, except in a very few unimportant instances, were excluded upon objection of appellees. Surely it does not now lie in the mouth of the appellees to object to a trial *de novo*, because

the record does not contain evidence which was excluded upon their objection. As against them, it must be conclusively presumed that the evidence, if admitted, would have strengthened, rather than weakened, the appellants' cause. If the appellants are willing to submit the cause for trial *de novo* upon the evidence contained in the record, the objection of the appellees to such trial cannot, under the circumstances disclosed in this case, be entertained.

IV. The appellants are not entitled to the relief asked, unless the fact of a partnership between S. H. and Sarah A.

4. EVIDENCE of partnership: not sufficient.

Templeton, in the lumber business, has been established. The evidence is conflicting. After a careful reading and re-reading of the evidence, we feel constrained to hold that the fact of such partnership has not been established. It is true, the appellants all made sales to a party dealing as S. H. Templeton & Co., but none of them know who composed the firm. S. H. and Sarah A. Templeton both testify that they were partners in business. But there is much in the case to discredit their testimony. When the stock of lumber was attached, S. H. Templeton told the officers that he did not have one cent's interest in it, but that it belonged to one Wadleigh, who would soon replevin it. After the attachment, Sarah A. Templeton, through her attorneys, caused to be served upon the sheriff a notice that she was the absolute and unqualified owner of the attached property, and, as such owner, she demanded the immediate possession thereof. There are many other circumstances which cast grave suspicion upon the claim now made, and without undertaking a review of all the testimony, which is quite voluminous, we feel impelled to say that it forces upon us the conclusion that the idea of a partnership between S. H. and Sarah A. Templeton originated in a desire to give the claims of intervenors preference over those of the attaching creditors.

V. The Clinton Lumber Co., Gardiner, Batchelder & Co.,

Curtis Bros, & Co., and C. M. Paine & Co., each asked judgment against S. H. Templeton & Co. for the amount of their respective claims, and proved the amount due them respectively, which S. H. Templeton, as a witness, admitted to be correct. They insist that, at least, they were entitled to judgment against S. H. Templeton & Co. for the amount of their respective claims. We see no objection to the rendition of such judgments, and, at the election of the parties above named, such judgments will be entered in this court. As S. H. Templeton & Co. have never disputed the claim of intervenors against them, no costs will be allowed the appellants.

*6. PRACTICE in equity: intervention: judgment.*

With this modification, the judgment of the court below is

AFFIRMED.