## MARGARET TAYLOR *vs.* WM. TAYLOR.

Opinion filed May 18th, 1895.

### Trial De Novo in Supreme Court.

Actions tried below under the provisions of Ch. 82, Laws 1893, can only be tried in this court *de novo.·*

### All Evidence Preserved—Review of Entire Case.

In such cases all the evidence offered in the trial court should be preserved in the record, together with the objections thereto, if any; and, when the case reaches this court, such objections will be passed upon as original questions, and evidence improperly excluded below under objections will be considered here, and evidence improperly admitted below over objections will be excluded here. A respondent cannot complain that all the evidence is not here when the omitted evidence was excluded on his objection, nor can appellant complain of such omission when it is clear from the record, beyond controversy, that such evidence was properly excluded.

### Indentification of Exhibits—Certificate of Judge.

All exhibits offered in the court below, whether received or not, should be identified in this court by the certificate of the trial judge, as admitted exhibits are indentified in other cases.

**Condonation of Cruelty by Cohabitation.**

> In an action for divorce on the ground of cruelty, cohabitation after such cruelty does not establish condonation, in the absence of an express agreement to condone.

**Revocation of Condonation.**

> In such an action, an express agreement to condone is revoked, and the original cause renewed, by subsequent act of cruelty on the part of the condonor towards the condonee.

**Record Remanded for Judgment in Lower Court.**

> In actions tried here under the provisions of said Ch. 82, Laws 1893, while this court will determine the final judgment or decree to be entered, such entry will not be made in this court, but the record will be remanded to the court from which the appeal was taken, under the provisions of § 26, Ch. 120, Laws 1891, and it will be the duty of that court to order the entry of a judgment in conformity with the determination of this court.

Appeal from District Court, Cass County; *McConnell*, J.

Action for divorce by Margaret Taylor against William Taylor. From a judgment dismissing the action, plaintiff appeals.

Modified.

*J. E. Robinson*, for appellant.

*W. H. Barnett*, for respondent.

BARTHOLOMEW, J.   The condition of the record in this case has caused us some embarrassment. The action was for a divorce, and was dismissed. It was tried after the enactment of Ch. 82, Laws 1893, the first section of which contains the following language: "In all actions tried by the District Court without a jury, wherein issue of fact has been joined, all the evidence offered in the trial shall be taken down in writing, or the court may order the evidence or any part thereof to be taken in the form of depositions, or either party may, at pleasure, take his testimony or any part thereof by deposition; *provided*, that whenever such evidence is taken down in shorthand and written out at length, it shall be deemed to have been taken down in writing, and all testimony so taken in shorthand must, at the request of either party, be so written out at length, and filed with the clerk. All evidence taken as provided by this section shall be certified

by the judge at any time after the trial, and within one month
before the time allowed for the appeal of said cause shall have
expired, and shall thereupon become a part of the judgment roll,
and the original of such judgment roll shall go on appeal to the
Supreme Court, which shall try the cause anew upon such judg-
ment roll and render final judgment therein, according to the
justice of the case, and in the decision of all equitable actions the
rules of equity must prevail. And in all actions tried in the
District Court according to the provisions of this act no excep-
tions need be taken on findings of fact made." This is the first
appeal that has reached us under that act. No question is made
upon the legality or constitutionality of the act, nor upon any
matter of procedure thereunder; and we therefore disclaim pass-
ing upon any questions of practice arising under said law except
such as are herein specifically mentioned. Both parties treat the
case as properly in this court for trial *de novo*, and for no other
purpose. It is clear that it was the duty of the trial court to try
the case under the above statute, and equally clear that we can
only try it *de novo* in this court. But there is nothing in the
abstract from which we can gather that it is an abstract of all the
evidence adduced at the trial. This, under the circumstances,
may be a violation of rules of this court. But as the foregoing
statute marks a most radical change in procedure in this court,
and as the rule was formulated to meet the previous practice, we
are not inclined to favor any strict application of the rule to
cases of this character until we have indicated the proper prac-
tice under the new statute. We have carefully explored the
record. We find the oral evidence offered at the trial all properly
preserved and certified. We find, however, that plaintiff (appel-
lant here) offered in evidence two exhibits (Exhibits A and B,)
which, on defendant's objection, were rejected by the court.
Exhibit C offered by plaintiff, was received. There are certain
papers found in this record marked Exhibits "A," "B," and "C,"
respectively, but these papers are in no manner authenticated or
identified by any certificate of the trial judge. Two of the

exhibits (A and B) were rejected. If we treat them as not in the record, the respondent cannot complain, as they were excluded on his objection, and we must presume that their presence would be to his detriment and appellant's advantage. *Lumber Co.* v. *Mitchell*, 61 Iowa, 132, 16 N. W. 52. Nor can appellant be heard to object to their absence, as the preliminary oral testimony which is in the record, and which led up to the offer of the exhibits, shows so clearly that they were inadmissable that they would not be considered for a moment if here. We wish to say in passing, however, that we deem it the proper practice in cases tried in this method to make the record show all the evidence offered in the lower court, and the objections thereto, whether such evidence he received and considered by the trial court or not. When the case reaches this court, the objections will be passed upon as original objections, and without regard to the rulings of the trial court, and evidence improperly excluded below, under objections, will be considered here, and evidence improperly admitted below, over objections, will not be considered here. Such seems to be the practice under similar statutes. *Taylor* v. *Kier*, 54 Iowa 645, 7 N. W. 120; *Blough* v. *Van Hoorebeke*, 48 Iowa, 40; *Lumber Co.* v. *Mitchell, supra.* Exhibit C, while not indentified by the certificate of the trial judge, is yet so far identified that we deem it our duty to consider it in this case. The oral evidence discloses its date, the signatures thereto, and its purport. The paper found in the record, and marked "Exhibit C," corresponds in all respects with the paper described in the oral testimony. No suggestion is made that it is not properly before us. On the contrary, both parties are in this court, claiming rights under such instrument; and we shall therefore in this instance regard it as properly before us. But it is evident that in these cases the proper and orderly practice requires all exhibits offered in the trial court to be made a part of the record in the case, together with the objections thereto, if any; and all such exhibits should be certified to this court in the same manner that exhibits received in evidence are certified in other cases.

Turning to the evidence in the case, we are unanimously of the opinion that under it appellant should have a decree in this case. No good purpose can be subserved by setting out the evidence. The complaint was for cruelty, and the evidence shows a case of almost unparrelled cruelty, by use of personal violence and brute force. There is no attempt to deny or palliate this extreme cruelty. Respondent relies solely upon this plea of condonation. In this, we think, he signally failed. Exhibit C is an instrument dated December 23, 1893, and signed by the parties hereto, and by which respondent releases to appellant all claim to certain real estate and personal property therein described, and agrees to pay her $100 per year for the support of the two minor children. The last paragraph of the instrument is as follows: "And, until after seeding next spring, William Taylor is to have the use of the granary on said land for his wheat and oats, and the barn for his stock, in the same manner as the same is now used by him, and likewise the use of the fanning mill." Respondent contends, and so testifies, that this instrument was signed upon appellant's promise to condone his past conduct, dimiss her complaint for divorce then pending, and resume her relations as his wife. At the time the instrument was executed, respondent had served no answer to the divorce complaint, nor did he intend so to do. Appellant testifies that there was no promise to condone or dismiss, and that the instrument was intended as a settlement of property questions between them, and provision for the two minor children, in anticipation that a decree of divorce would be granted her. She has sworn corroboration in the oral testimony. But we think the instrument itself is almost conclusive against respondent's position. The exception from the household furniture transferred to appellant of "the bedding and the bed occupied and used by William Taylor," the promise to pay appellant the $100 per year for the support of the two little girls, and the reservation of the use of the granary and barn and fanning mill "until after seeding time next spring," are all clearly inconsistent with any purpose to resume and continue

their relations as husband and wife. Respondent also relies, as showing condonation, upon cohabitation subsequent to the commencement of the action after the execution of Exhibit C. Appellant admits cohabitation on several occasions, but swears that she was compelled by force and threats to submit to respondents's embraces. It is suggestive in this connection to note that after appellant had testified to such force and threats, and when respondent was placed upon the stand to rebut such testimony, and was asked by his counsel, "You my state, Mr. Taylor, whether or not you forced her to have marital relations after the signing of that document," respondent remained silent, and made no answer. But, further as to this matter of condonation: Section 2569, Comp. Laws, reads: Condonation is the conditional forgiveness of a matrimonial offense constituting a cause for divorce." Section 2570 reads: "The following requirement are necessary to condonation: Restoration of the offending party to all marital rights. Condonation implies a condition subsequent,—that the forgiving party must be treated with conjugal kindness. Where the cause of divorce consists of a course of offensive conduct, or arises in cases of cruelty from excessive acts of ill-treatment, which may, aggregately, constitute the offense, cohabitation, or passive endurance, or conjudal kindness, shall not be evidence of condonation of any of the acts constituting such cause, unless accompanied by an express agreement to condone." Section 2571 reads: "Condonation is revoked and the original cause of divorce revived: When the condonee commits acts constituting a like or other cause of divorce; or when the condonee is guilty of great conjugal unkindness, not amounting to a cause of divorce, but sufficiently habitual and gross to show that the conditions of condonation had not been accepted in good faith, or not fulfilled." By supplemental complaint, appellant charges various acts of cruelty after the execution of Exhibit C. She testifies to these acts positively. Respondent denies them. Appellant testifies that at one time, nearly eleven months after the exhibit was signed, respondent seized a

neck yoke, and, with threatening language, ran at her, and that she took refuge behind one Williams, Taylor's hired man. Mr. Williams testifies as to this affair: "While we were having these words [Mr. Taylor and witness] Mrs. Taylor came to the field, and she said, 'Taylor,' she said, 'there is no use of you two men having any words'; and he swore at her, and said she was the cause of it all, and that he would kill her, and he picked up a neck yoke that was lying on the ground, and started for her. She ran behind me, and he turned around, and threw the neck yoke down." This witness testifies to other threats of violence made by respondent to appellant; and, in answer to the question, "What kind of language did he commonly use to her?" he replied, "Well I should call it quite rough, the language that he used sometimes,—language not often heard in families." It is clear that, under our statute, cohabitation, even if not enforced, does not condone extreme cruelty, in the absence of an express agreement to condone, and we have held that no such agreement was shown in this case. But, even if such an agreement was made, we are clear that the condonation was revoked, and the original cause of action revived by the subsequent conduct of respondent.

Having reached a conclusion as to what the decree must be in this case, we find ourselves with no certain guide as to the manner in which it shall be entered. Chapter 82, Laws 1893, declares that this court shall "render final judgment therein according to the justice of the case." The rendition of judgment is the act of a court. The entry of judgment is the act of a clerk. *Gould* v. *Elevator Co.,* 3 N. D. 96, 54 N. W. 316. In § 26, Ch. 120, Laws 1891, it is provided that "in all cases the Supreme Court shall remit its judgment or decison to the court from which the appeal was taken to be enforced accordingly, and, if from a judgment, final judgment shall thereupon be entered in the court below in accordance therewith, except when otherwise ordered." Our practice has been in accordance with this provision. The law of 1893 does not repeal or modify or refer to this provision. There is no statutory authority for the entry of judgment in this court,

except in matters where this court has original jurisdiction. A judgment of this court does not constitute a lien upon realty, nor is there any provision whereby a transcript of a judgment of this court can be filed in any other court. In the great majority of cases a final judgment entered in this court would be of but little value to the successful party. From these facts we are led to conclude that the legislature intended that judgment should be entered in these cases in accordance with our former practice. Accordingly, the record in this case, together with a copy of this opinion, will be transmitted to the District Court for Cass County, and said court will annul and cancel its judgment heretofore entered in this case, and order the entry of a decree granting appellant an absolute divorce from respondent, and giving to her the care and custody of the two minor children, Bertha Jane and Ethel Irene, and conferring on her the title to all the property described in Exhibit C, to-wit: the S. E. ¼ of section 4, in township 141 N., range 49 W., in said Cass County, also one cow, and all the household property, except one bed and bedding, four horses, with their harness, the two colts mentioned, the harrow, buggy, Havana press drill, two wagons, fanning mill; sulky rake, and anvil, and ordering that respondent make to appellant all necessary conveyances to invest appellant with all his interest and title in said property, and the whole thereof, and further ordering that respondent pay appellant the sum of $100 per year towards the support of said minor children, the same to be paid in equal quarterly payments until the youngest of said children reaches the age of 18 years; these provisions to be in lieu of all other claims for alimony whatsoever, unless, on application, such decree be subsequently modified in that respect; appellant to have and recover her costs in both courts.

Ordered accordingly. All concur.