(65 N. W. Rep. 682.)

---

### NOLLMAN & LEWIS *vs.* EDWARD EVENSON.

Opinion filed December 2nd, 1895.

#### Same Facts May be Plead Both as a Defense and Counterclaim.

The same facts may constitute a defense to a claim made by plaintiff, and at the same time entitle a defendant to an affirmative judgment against plaintiff in excess of the claim made by the plaintiff; and, when such is the case, a defendant may plead such facts, both as a defense and as a counterclaim, and cannot be compelled to elect upon which he will rely.

#### Defense of Non-performance of Contract.

In an action to recover upon a contract to furnish matérials and labor for plastering a house, the plastering to be of a certain quality, an answer which sets forth that the plastering was not such as the contract required, and that by reason of the inferior materials used and unskillful workmanship the plastering was worthless, and of no benefit to defendant whatever, states a good defense.

#### Evidence Sustains Finding of Fact.

Evidence examined, and *held* to establish that the plastering done in this case by plaintiffs for defendant was not according to their contract, and was of no benefit whatever to defendant.

#### Recovery of Money Paid by Mistake.

And *held*, under these facts, that when the defendant had made a payment upon such contract before he knew of the inferior and worthless quality of the plastering, he was entitled to recover back the amount so paid.

Appeal from District Court, Walsh County; *Templeton*, J.

Action by Charles Nollman and John D. Lewis against Edward Evenson. Judgment for defendant, and plaintiff's appeal.

Affirmed.

*Hauser & Gray*, for appellants.
*Swiggum & Myers*, for respondent.

BARTHOLOMEW, J. Action in equity to foreclose a mechanic's lien for materials furnished and labor performed in plastering a house for defendant on contract at so much per square yard. There was also a small item for shingles furnished for the house. The answer admits the contract, and the furnishing of materials and performance of the labor in plastering the house as alleged, but sets up, in substance, that the contract called for a good job, and walls that "should be as hard as stone," but declares that "the same, when so done as aforesaid, by reason of the inferior and worthless quality and grade of materials so furnished and used by plaintiffs, and by reason of carelessness, lack of skill, and faulty and negligent workmanship in applying the same, the said plastering, instead of being firm and hard, as plaintiffs had agreed the same should be, was soft and crumbling, and soon after the same was completed, by force of its own weight, began to fall from the walls in large blocks, and ever since, from time to time, has continued so to do. And defendant alleges that by and on account of the reasons aforesaid the said plastering done for him by the said plaintiffs as aforesaid was entirely worthless, and of no value to him whatsoever, but was and is an injury, detriment, and damage to him." This is pleaded as a defense to the action. For a counterclaim defendant relies upon the same breach of contract and worthless character of the work performed, and alleges that by reason thereof defendant will be obliged to remove all of said plastering from the walls, and have the same replastered, and that in so doing he will necessarily destroy casings, moldings, and trimmings in said rooms, to replace which will cost another certain amount, and he asks an affirmative judgment for these amounts less the contract price to plaintiff. As a further counterclaim he alleges the payment of $75 on this contract before he knew or could reasonably have known of the defect in the plastering. This he seeks to recover back. He also asks for the cancellation of the mechanic's lien of record. There was a reply in denial of the counterclaims. The case was tried below to the court on July 7, 1893, six days after chapter

82, Laws 1893, went into effect; hence it should properly be tried *de novo* here, if the record is in shape to admit. The judgment below was in favor of defendant for the amount that he had paid on the account, less the value of the shingles, which was not disputed.    Plaintiffs appeal.

We find no suggestion in the brief of the learned counsel that the record is not in such shape as to admit of a trial *de novo* here, nor was any such suggestion made in oral argument. It is true that the certificate of the trial judge is not technically such as this court said in *Taylor* v. *Taylor*, 5 N. D. 58, 63 N. W. 893, was necessary to enable us to try the case anew. We have had occasion heretofore to advert to the radical change in practice that became necessary in order to conform to the requirements and spirit of said chapter 82. This case was tried before any practice whatever had been settled under that law, and when both court and counsel were in some doubt as to the proper procedure. Under these circumstances we are not disposed to permit a mere technicality to throttle a full investigation. The certificate in this case recites that the record contains "all the proceedings had and testimony given" on the trial of the action. We held in *Taylor* v. *Taylor, supra*, and in *First Nat. Bank of Devil's Lake* v. *Merchants' Nat. Bank of Devils Lake*, (decided at this term) 5 N. D. 161, 64 N. W. 941, that the certificate should state that the record contained all the testimony offered at the trial. But the record before us contains all the "proceedings had" at the trial, and when we look at the record we find that in no instance was any testimony offered that was excluded; hence it is certain that we have before us all the testimony offered, and that is all that is required in that behalf to enable us to pass upon the whole case. We do so in this instance, without establishing it as a precedent that we will in any future case look beyond the certificate to determine whether or not all the testimony offered is contained in the record. We first notice the claim made below, and urged here, that respondent should have been required to elect whether he relied upon his defense or his first counterclaim, as both rested

upon the same facts. This is true in part only. If the allegations (assuming now that they were properly made) were true in fact, they defeated appellants' action by showing that they had violated their contract, and had furnished respondent nothing of value. As thus pleaded, they constituted a deniel of appellants' cause of action. In the answer, as a defense, respondent went no further. But he relies upon the same facts as a counterclaim, with additional allegations showing damages by reason of appellants' failure to perform their contract in an amount in excess of their claim, and for this excess an affirmative judgment was asked. If no counterclaim had been interposed, a judgment in appellants' favor would have been a bar to any action thereafter founded upon the allegations of the counterclaim. *Nemetty* v. *Naylor*, 63 How. Prac. 387; *Dunham* v. *Bower*, 77 N. Y. 76. And we cannot see how appellants were prejudiced by having a portion of the same facts set up as a defense. The same facts may constitute both a defense and a counterclaim. *Manufacturing Co.* v. *Colgate*, 12 Ohio St. 344; and see the remarks of Church, C. J., in *Dunham* v. *Bower*, *supra*. Perhaps, in this case, all that respondent sought to accomplish might have been accomplished by pleading the counterclaim only had he been successful thereon, but to establish his counterclaim he was required to go further with his proofs than in the establishment of his defense only, and there is no rule of law that deprives him of both.

Objection was made below to the introduction of any evidence under the defense portion of the answer, on the ground that the facts alleged did not constitute a defense. The objection is renewed here. It is specially directed to that portion of the answer which, after setting forth the inferior materials used, the unskillful workmanship, and the soft, crumbling, and defective condition of the walls, declares that the plastering "was entirely worthless, and of no value to him (respondent) whatsoever, but was an injury and damage to him." Counsel then state the rule sometimes applied in cases of sale of chattels with warranty, that

to constitute a complete defense to an action for purchase price the answer must show a breach of warranty, with a return or offer to return the article, or that the article was of no value whatever, to the purchaser or any one else. Should we admit—which we do not—that the allegation that the plastering "was entirely worthless" did not fully overcome counsel's objection, still we could not apply the rule contended for in this case. This was not a sale of chattels, but a contract for plastering a house. The plastering, when completed, became a part of respondents's realty, and, if of no value to him, it certainly could be of no value to any other person. It was not a chattel that could be returned. The rule in cases of this class permits the contractor, when the work has been performed,—though not in accordance with the terms of the contract,—and accepted by the other party, to recover upon a *quantum valebant*. But in that case his recovery is limited to the benefit conferred upon the other party, and, if there was no benefit conferred, there can be no recovery. *Moulton* v. *McOwen*, 103 Mass. 587; *Kelley* v. *Bradford*, 33 Vt. 35; *White* v. *Oliver*, 36 Me. 92; *Pinches* v. *Lutheran Church*, 55 Conn. 183; *Hayward* v. *Leonard*, 19 Am. Dec. 268, and note. The defense pleaded was complete in this case.

Numerous objections were made to evidence under the first counterclaim, which are renewed here. But we do not feel called upon to pass upon these objections. Respondent recovered nothing on such counterclaim in the court below. He is not asking anything thereon in this court. In fact, he expressly abandoned the same.

It remains, then, only to consider what the evidence in the case, under the contested issues, fairly establishes. The great bulk of the testimony on each side was directed to the quality of the plastering. There was much evidence upon the point, both expert and non-expert. The witnesses for respondent, who had personally examined the walls and the plaster, testified with great unanimity and positiveness that the plastering was soft, that it could.be easily brushed away with the hand down to the lath,

that it was constantly crumbling or dusting off, and that in some places it had fallen from the lath of its own weight. The witnesses for the appellants with equal positiveness declare that the plastering was not soft, could not be rubbed or brushed away with the hand, and was not constantly dusting down, and that it was a fair average job of plastering. We have given the evidence careful consideration, and we reach the same conclusion on the facts that was reached by the trial court. We do not think the affirmative evidence introduced by respondent was overcome by the negative evidence on the other side. It is not disputed that there were some portions of the walls that were reasonably hard and good. A party not familiar with the walls, and not guided by any one who was familiar with them, might, in an ordinary examination, strike the better portions, and be able thereafter to conscientiously swear that the plastering was not soft, and that it was a fair average job. On the other hand, the testimony of respondent's witnesses is either true or knowingly false. We are not warranted in accepting the latter alternative. Taking their testimony as substantially true, and it is certain that the plastering was of no benefit to respondent. True, it appears that by removing the defective portions, and patching the walls, they might be made serviceable. But there is positive evidence that to remove the defective portions and do the requisite patching would cost as much as it would have cost to plaster the entire house in the first place. We are clear that the plastering, so done, was of no benefit to respondent, and that he ought not to pay anything therefor. That he did make the payments thereon which he seeks to recover back by his second counterclaim is undisputed. It is claimed, however, that this was a voluntary payment, with full knowledge of the defects, and hence cannot be recovered. We do not think respondent knew, or could reasonably have known, the full extent of his damage at the time he made the payments. The last payment was made August 10th. The plastering was finished either in July or early in August. Respondent swears that he made the payments before

the plastering began to fall off. We think he was entitled to recover it back.

The judgment of the District Court is in all things affirmed. All concur.