**William F. TERRELL, Appellant,**

v.

**STAR COAL COMPANY, a corporation, Arthur H. Huyser, and James Edward Huyser, Appellees.**

No. 2–66247.

Court of Appeals of Iowa.

Sept. 21, 1982.

Jerrold W. Jordan and David A. Johnson, Knoxville, for appellant.

Sidney E. Drake, Centerville, for appellees.

OXBERGER, Chief Judge.

On June 25, 1977, plaintiff William F. Terrell contracted to provide the defendants with "information concerning the location of an estimated 35 million ton of coal and also possible limestone deposits within and under the land" in Lucas, Marion, and Monroe counties. In return for the information, the defendants agreed to pay plain-

tiff $5000 and an overriding royalty based on the amount of coal mined and washed by the defendants. Shortly after the contract was executed, plaintiff received $5000 from the defendants as provided by the agreement. Plaintiff alleges, however, that no royalty payment was ever made. In his equity action plaintiff seeks specific performance of the contract and an accounting of coal and limestone tonnage mined by defendants.

Defendants in their answer generally denied plaintiff's allegations. In addition, the defendants filed a counterclaim at law alleging fraud and seeking actual and punitive damages. After a bench trial the court dismissed plaintiff's petition and awarded defendants $5,000 actual and $25,000 punitive damages.

On appeal, plaintiff asserts that trial court erred in considering inadmissible parol evidence and in ruling that plaintiff had failed to sustain his burden of proof for specific performance of the contract. The plaintiff also contends that the trial court erred in finding fraud and in awarding actual and punitive damages to the defendants.

The defendants contend that the trial court's rulings were correct. In their brief the defendants also urge us to defer consideration of this appeal for plaintiff's failure to comply with Iowa R.App.P. 14(h), which provides that briefs may not exceed fifty pages in length. We are forced to dispose of this last claim adversely to the defendants. Our rules provide for motions for an order or other relief supported by affidavits. Iowa R.App.P. 14(c), (g). No motion or other record was filed with respect to defendants' rule 14(h) claim.

## I. Standard of Review

Plaintiff's petition in equity is reviewed de novo. Iowa R.App.P. 4. While defendants' counterclaim is an action at law, our review is also de novo. *Taylor v. Kier,* 54 Iowa 645, 646, 7 N.W. 120, 120 (1880) (where an equitable action and a counterclaim in law were both tried in equity, on appeal all issues are reviewed de

novo); *accord Rector v. Alcorn,* 241 N.W.2d 196, 199 (Iowa 1976). We "review the facts as well as the law and determine from the credible evidence rights anew on those propositions properly presented, provided issue has been raised and error, if any, preserved in the trial proceedings. While weight will be given to findings of the trial court, this court will not abdicate its functions as triers de novo on appeal." *State ex rel. Turner v. Younker Bros., Inc.,* 210 N.W.2d 550, 567 (Iowa 1973); *accord Citizens Sav. Bank v. Sac City State Bank,* 315 N.W.2d 20, 24 (Iowa 1982).

## II. Parol Evidence.

One of the defendants was allowed to testify to what "information" he expected plaintiff to furnish under the contract. According to this witness, the information provided by the plaintiff was unprofessionally prepared and contained no specific information such as drill holes, crop line, and coal thickness. The trial court also admitted into evidence a map prepared by a drilling company. This map showed drill holes and other specific information and was apparently more professionally prepared than the one supplied by the plaintiff.

The plaintiff claims that the admission of the map and the defendant's testimony violated the parol evidence rule. Stated succinctly, the "rule forbids use of extrinsic evidence to vary, add to, or subtract from a written agreement." *Egan v. Egan,* 212 N.W.2d 461, 464 (Iowa 1973). The rule, however, "is not violated when extrinsic evidence is received to assist the trial court in determining the meaning of contractual language." *Westway Trading Corp. v. River Terminal Corp.,* 314 N.W.2d 398, 402 (Iowa 1982). The inquiry is thus whether the trial court erred in resorting to extrinsic evidence in determining the meaning of the term "information" and in enforcing that meaning as if required by the contract in the case at bar.

In *Masline v. New York, N.H. & H. R.R. Co.,* 95 Conn. 702, 112 A. 639 (1921), the plaintiff contracted to supply "informa-

tion of value in the operation of the defendant's road." *Id.* at 704, 112 A. at 639. The plaintiff's "information" was based on his "more than fifteen years as railway brakeman and baggage-master upon the defendant's road." *Id.* at 704, 112 A. at 639. The defendant railroad failed to pay the plaintiff after the plaintiff suggested to the defendant " 'the selling of advertising space by the defendant and the displaying by it of advertisements on its railway stations, depots, rights of way, cars and fences.' " *Id.* at 704–05, 112 A. at 640. In an action at law for damages, the court held for the defendants, reasoning that there was not sufficient consideration to support a contract. *Id.* at 712, 112 A. at 642. The court defined "information" to be "knowledge communicated concerning some particular fact.... When information is proffered as the consideration of a contract, it is necessarily implied—is indeed of the essence of the proffer—that the *information shall be new to the one to whom it is proffered."* *Id.* at 707, 112 A. at 640 (emphasis added). Applying this definition of "information" to the instant case, the defendants contracted to obtain plaintiff's "knowledge ... concerning some particular facts," *viz.,* locations of coal deposits. Further, this information was "new to the one to whom it is proffered": defendants testified that they did not realize that coal was located in their own "backyard." It is thus clear that the plaintiff conveyed new, valuable knowledge to the defendants for which plaintiff should be compensated. *Cf. Masline, id.* at 709, 112 A. at 641 (information consisting of common knowledge not valuable; consideration thus inadequate). Thus, when the transaction is viewed in a totality of circumstances, it is clear that the parties intended an exchange of plaintiff's uncommon albeit lay knowledge. When the parties' intent is ascertained, a reviewing court may not be judicial construction create a new contract based on one party's unilateral understanding of the terms. *Spilman v. Board of Directors of Davis County Community School District,* 253 N.W.2d 593, 596 (Iowa 1977). *See Broyles v. Iowa Department of Social Services,* 305 N.W.2d 718, 721, (Iowa 1981) (in any construction of a written contract, the intent of the parties control). In the instant cases, the parties intended the plaintiff to supply the defendants with his valuable knowledge of coal deposit locations previously unbeknown to the defendants. The plaintiff acquired this knowledge through his service as a lease negotiator for a major mining company and at no time represented himself as possessing specific, scientific, and technical knowledge of an experienced miner. The defendants were well informed of the plaintiff's background and the contracting parties intended no more than an exchange of information. We therefore hold that even if the disputed evidence did not violate the parol evidence rule, our construction of the contract based on a totality of circumstances more accurately reflect the parties' intent than the trial court's construction.

### III.   Specific Performance

■ Having concluded that the parties bargained for information that would lead the defendants to coal deposits the next question is whether the plaintiff performed his contractual obligation. Our de novo review of the record reveals that plaintiff's map and other efforts did lead the defendants to coal deposits. In fact, the defendants were "surprised" when they located coal in the areas indicated by the plaintiff. We therefore hold that plaintiff has satisfied his burden to plead and prove the contract and his performance. *Roland A. Wilson & Assocs. v. Forty-O-Four Grand Corp.,* 246 N.W.2d 922, 925 (Iowa 1976); *Mosebach v. Blythe,* 282 N.W.2d 755, 759 (Iowa App. 1979). On remand, the defendants should be directed to submit an accounting of coal and limestone tonnage mined so that the amount due under the contract may be adjudged and defendants' liability assessed accordingly.

### IV.   Fraud

■ Our disposition of the performance issue in Division III, *supra,* arguably forecloses defendants' claim of fraud. However, even if we were to address the

fraud issue, we hold that the trial court erred in finding for the defendants. Suffice it to say that to establish a fraud claim, the claimant must show "(1) a material misrepresentation (2) made knowingly (scienter) (3) with intent to induce the plaintiff to act or refrain from acting (4) upon which the plaintiff justifiably relies (5) with damages." *Beeck v. Kapalis,* 302 N.W.2d 90, 94 (Iowa 1981). Our de novo review convinces us that the defendants failed to show, *inter alia,* that the plaintiff acted with scienter and intent to induce the defendants to enter into the contract. The defendants are experienced coal miners, and they contacted the plaintiff for help. The record contains no evidence to show that the plaintiff induced or misled the defendants. We therefore hold that the defendants are not entitled to any actual or punitive damages on their counterclaim.

V. Conclusion

The judgment of the trial court dismissing plaintiff's petition and awarding defendants actual and punitive damages is reversed. The case is remanded for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.