(March 31, 1922.)

# POCATELLO SECURITY TRUST COMPANY, a Corporation, Respondent, v. WALTER W. HENRY, Appellant.

[206 Pac. 175.]

INSTRUCTED VERDICT—EFFECT OF—SAME AS MOTION FOR NONSUIT—ADMITS TRUTH OF ADVERSARY'S EVIDENCE AND LEGITIMATE INFERENCES—RESCISSION OF CONTRACT—WHEN FALSE PROMISE ACTIONABLE.

1. An instruction which directs a verdict has the same effect as an order sustaining a motion for nonsuit, in that it admits the truth of the adversary's evidence, and every inference of fact that may be legitimately drawn therefrom.

2. While a failure to perform a promise cannot amount to fraud, if such promise is accompanied by a statement of existing fact which shows the ability of the promisor to perform, and without which the promise would not have been accepted or acted upon, such statement is a representation, and if falsely made is ground for avoiding a contract, though the thing promised to be done lies in the future.

3. Fraud may be predicated upon the nonperformance of a promise in certain cases, where the promise is the device to accomplish the fraud.

APPEAL from the District Court of the Fifth Judicial District, for. Bannock County. Hon. Robert M. Terrell, Judge.

Action to recover on two promissory notes. Judgment for plaintiff, and defendant appeals. *Reversed* and *remanded.*

Paul S. Haddock and E. D. Reynolds, for Appellant.

Ordinarily a false promise upon which fraud may be predicated must be of an existing fact, but if the intention not to perform the promise be shown to have existed at the time the promise was made, the promise is fraudulent. (55 Law Journal; *Ayers v. French,* 41 Conn. 142; *Cockrill v. Hall,* 65 Cal. 326, 4 Pac. 33; *Brison v. Brison,* 75 Cal. 525, 7 Am. St. 189, 17 Pac. 689; *Pollard v. McKenney,* 69 Neb. 742,

96 N. W. 679, 101 N. W. 9; *McLean v. Southwestern Ins. Co.*, 61 Okl. 79, 159 Pac. 660; *Cooper v. Ft. Smith R. R. Co.*, 23 Okl. 139, 99 Pac. 785; *Edgington v. Fitzmaurice*, 29 Ch. Div. 459.)

A buyer of real property, to whom statements of fact are made as positive assertions concerning matters material to the sale, is relieved of any obligation to further pursue the inquiry, and he has a right to rely on such statements, particularly where it may be fairly inferred that the persons making such statements were informed that the buyer was relying expressly upon the same. (*Baird v. Gibberd*, 32 Ida. 796, 189 Pac. 56.)

A man who has obtained a contract by false representations cannot afterward be heard to say that his misstatements were not material. (Pollock, Contracts, 527; Hammon, Contracts, 167; *Williams' Case*, L. R. 9 Eq. 225; *Ex parte Kintrea*, 5 Ch. App. 95; *Smith v. Kay*, 7 H. L. Cas. 750, 11 Eng. Reprint, 299; *Watson v. Brown*, 113 Iowa, 308, 85 N. W. 28; *Fishback v. Miller*, 15 Nev. 428.)

If a party is induced to enter into a contract by fraudulent representations as to a fact which he deems material, and upon which he has a right to rely, he may rescind the contract upon the discovery of the fraud, and the party in the wrong should not be heard to say that no real injury can result from the fact misrepresented. (*MacLaren v. Cochran*, 44 Minn. 255, 46 N. W. 408.)

Parol testimony is admissible to show the actual consideration for a written promise to pay money. (*Northwestern Creamery v. Lanning*, 83 Minn. 19, 85 N. W. 823; *McPeters v. English*, 141 N. C. 491, 54 S. E. 417; *First State Bank v. Kelly*, 30 N. D. 84, Ann. Cas. 1917D, 1044, 152 N. W. 125; *Tidewater So. Ry. Co. v. Harney*, 32 Cal. App. 253, 162 Pac. 664.)

An instruction which directs the verdict of the jury has the same effect as the sustaining of a motion for nonsuit, and admits the truth of plaintiff's evidence and every inference of fact that can be legitimately drawn therefrom.

There being evidence tending to prove the allegations of the complaint, an instruction directing the verdict of the jury is erroneous. (*Keane v. Pittsburg Min. Co.*, 17 Ida. 179, 105 Pac. 60.)

The court should not take the case from the jury unless, as a matter of law, no recovery can be had upon any view which can properly be taken of the evidence. (*Small v. Harrington*, 10 Ida. 499, 79 Pac. 461; *McAlinden v. St. Maries Hospital*, 28 Ida. 666, Ann. Cas. 1918A, 380, 156 Pac. 115; *Kroetch v. Empire Mill Co.*, 9 Ida. 277, 74 Pac. 868; *York v. Pacific R. R. Co.*, 8 Ida. 574, 69 Pac. 1042; *Idaho Mer. Co. v. Kalanquin*, 7 Ida. 295, 62 Pac. 925; *Later v. Haywood*, 12 Ida. 78; *Adams v. Bunker Hill Co.*, 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Black v. City of Lewiston*, 2 Ida. 281, 13 Pac. 80.)

Budge & Merrill, for Respondent.

In order for a party to be relieved from payment of a note on the ground of fraud, he must plead and prove: That the representation made the basis of the charge of fraud was made by the plaintiff or with his authority; that it related to a material fact; that it was false; that the party making it knew it was false; that it was made under such circumstances that the person to whom it was made had a right to rely upon it and did in fact rely upon it; that damage resulted. (12 R. C. L. 166; Pomeroy Eq. Jur., sec. 876; *Jenkins v. Long*, 19 Ind. 28, 81 Am. Dec. 374; *Neideifer v. Chastain*, 71 Ind. 363, 36 Am. Rep. 198; *Graves v. Horton*, 132 Ga. 786, 65 S. E. 112, 26 L. R. A., N. S., 545; *Hooker v. Midland Steel Co.*, 215 Ill. 444, 106 Am. St. 170, 74 N. E. 445.)

False representations as a basis of action, whether for damage or rescission of a contract, are such only as in some manner actually misled the party to his damage. (*Marriner v. Dennison*, 78 Cal. 202, 20 Pac. 386; *Richardson v. Lowe*, 149 Fed. 625, 79 C. C. A. 317; *Jakway v. Proudfit*, 76 Neb. 62, 14 Ann. Cas. 258, 106 N. W. 1039; *American Bldg. &*

*Loan Assn. v. Bear,* 48 Neb. 455, 67 N. W. 500; *Lorenzen v. Kansas City Inv. Co.,* 44 Neb. 99, 62 N. W. 231.)

Since fraud must relate to facts then existing or which have previously existed, the general rule is that fraud cannot be predicated upon statements promissory in their nature, and relating to future action. (12 R. C. L. 21; *Knowlton v. Keenan,* 146 Mass. 86, 4 Am. St. 282, 15 N. E. 127; *Begelow v. Barnes,* 121 Minn. 148, 140 N. W. 1032, 45 L. R. A., N. S., 203.)

A verdict could be directed if one the other way would be set aside as contrary to the evidence. (*Stewart v. Sixth Ave. R. Co.,* 45 Fed. 21; 38 Cyc. 1570; *Meyer v. Lovdal,* 6 Cal. App. 369, 92 Pac. 322; *Weston v. Livezey,* 45 Colo. 142, 100 Pac. 404.)

LEE, J.—This action was commenced by respondent Pocatello Security Trust Company to recover against appellant Walter W. Henry upon two promissory notes.

The complaint contains a count upon each note in the usual form. The answer admits their execution and non-payment, and as an affirmative defense alleges that they were given in payment for three lots in Blue Lakes Addition West to Twin Falls Townsite, purchased in accordance with an agreement executed May 15, 1918, and that respondent in order to induce appellant to enter into said agreement, made certain false and fraudulent representations: (1) That if appellant was unable to pay said notes at maturity, such extensions of time would be given as appellant might desire; (2) that respondent had received in cash one-half of the total purchase price of said addition, and would forthwith pave, curb and gutter the streets in said addition, lay concrete sidewalks and adequate sewer system and water mains, plant elm trees, and install cluster street lights, during the season of 1918, as provided in said agreement; (3) that it had contracted to sell all the lands in the east half of said addition; (4) that Clyde Bacon had purchased a number of lots in said addition, and had contracted to build during said season, and was then engaged in building, a

house to cost $25,000; (5) that Peter Bethune and other purchasers of lots in said addition had building contracts for constructing dwelling-houses during said season of 1918. Appellant alleges that all of these representations were false and fraudulent, and were made in bad faith, for the purpose of defrauding him, and that at the time of making the same respondent had no intention of keeping any of said promises, but that appellant had relied upon the same, and had been induced to execute and deliver said notes by reason of such promises, and had been greatly injured thereby; and that upon discovering the falsity of these representations, he had tendered a return of the possession of said lots and demanded a rescission of the contract of purchase.

Upon issues thus joined, a trial was had to the court with a jury, and at the close of the evidence respondent moved the court for a directed verdict on the grounds: (a) That the affirmative allegations of the answer had not been sustained; (b) that it was not shown that any of the statements claimed to have been made were material; (c) that it was not shown that any of said statements were made with a knowledge of their falsity, or with intent to deceive, or that they did deceive, or that appellant acted upon such representations in executing said notes; (d) or that appellant had sustained any damage by reason thereof; (e) that the evidence was insufficient to constitute a defense.

Appellant moved for a nonsuit on the ground that respondent had not tendered a deed to the lands agreed to be purchased, which motion was denied as having been made too late. The jury was then directed to return a verdict for respondent for the full amount of the notes, together with interest and attorneys' fees. From the judgment entered upon this verdict, this appeal is taken.

It is not necessary to consider all of the assignments of error.

An instruction which directs a verdict has the same effect as an order sustaining a motion for nonsuit, in that it admits the truth of the adversary's evidence, and every inference of fact that may be legitimately drawn therefrom. In effect,

it instructs the jury that there is no evidence to support the claim of the party against whom such verdict is directed. (*Keane v. Pittsburg Lead Mining Co.,* 17 Ida. 179, 105 Pac. 60; *Marshall v. Gilster,* 34 Ida. 420, 201 Pac. 711.)

The agreement for the purchase of these lots for which these notes were given provides, among other things, that respondent, upon receiving cash payment for one-half of the purchase price of said addition, would pave with bitulithic pavement the streets fronting on said lots for a width of thirty feet, would curb and gutter said streets, would lay a five-foot concrete sidewalk thereon, would lay adequate sewers and water mains, would set out elm trees twenty-four feet apart along said streets fronting on said lots, and have the same tended by a competent nurseryman for a period of two years, and would install cluster street lights, with standards set not more than three hundred feet apart, upon the streets improved. Other conditions are contained in this agreement which it is not necessary to notice.

Appellant testified that when he made this agreement with the company's agent, Nerlon, such agent represented to him that the condition in the agreement which provided that upon the payment of one-half of the selling price of the entire addition in cash it would install these improvements, had been complied with, and that the sewers, curbs, gutters, cluster lights and trees were already in, and that respondent was then engaged in putting in paving, and that all of these improvements had to be completed before the first of November of that year, and that Bethune and Bacon, sheepmen from Jerome, were then constructing buildings in said addition, Bacon's house to cost $25,000.

The allegations in the answer with reference to the false and fraudulent representations, with the exception of that part relating to the houses then being constructed upon said premises, relate to promises of improvements that were to be installed in the future, and appellant's testimony that respondent's agent represented to him that certain of these improvements had already been constructed might have been objected to as not being within the allegations of the answer.

But respondent's counsel, upon cross-examination, brought out the fact that respondent's agent had represented to appellant that the cluster lights were in, that there were 150 men then working on the pavement, that all the lots on the east side had been sold and just a few left on the west forty, that Clyde Bacon was then erecting a building to cost $25,000, Peter Bethune was also building a house, and a great number of other people were also constructing buildings, and that the biggest part of the paving was in on the east side, and they were working right along putting in all of the pavement.

The sale agreement does not fix a definite time when these improvements were to be completed, but appellant testifies that respondent's agent told him that they were to be made during the season of 1918, and that they had not been made at the time of the trial of this cause, the latter part of 1920. It appears from an affidavit in the record that the company is now insolvent and in the hands of a receiver.

A number of these representations were made to other witnesses, particularly with regard to improvements to be made or that had been made in the way of paving, curbing and guttering, laying sewers and water-mains, and putting out shade trees. Upon objection being interposed, this line of testimony was excluded as incompetent and immaterial, on the ground that it related to promises of improvements which were to be made in the future. Respondent contends that because these representations related to improvements that were to be installed in the future, such promises fall within the rule of expressions of opinion, and were not statements of fact upon which appellant had a right to rely; that they were not statements of fact, and could readily have been investigated as to their truthfulness. The court below appears to have adopted this view, and instructed a verdict for respondent accordingly.

As already observed, an instructed verdict admits the truth of appellant's evidence, and all inferences that a jury would have been justified in drawing from it had the case been submitted to the jury. It results, therefore, that upon this

record appellant was induced to purchase these lots upon the representation that the entire addition was then being paved, that sewers and water-mains had been or would be laid, cement sidewalks put in, cluster lights installed, and ornamental trees put out, and that well-known, responsible citizens were then engaged in constructing residences, one to cost $25,000. These representations were the inducement that caused appellant to sign this contract of purchase and execute these notes in payment for this property, without which he would not have entered into the agreement. He states all of this positively, and is corroborated in part by other witnesses, and all testify that the representations were false. Under this state of facts, we do not think that it can be said as a matter of law that all of these representations were of such character as to fall within the rule of being merely matters of opinion, or promises of future performance, and they could not therefore afford any ground for a rescission of this agreement or defense against the payment of these notes sued on, which were given for the purchase price of these lots.

It is frequently said that a promissory statement cannot be the basis of an action for deceit; and a prediction of future things is at best an opinion. It is undoubtedly true that a failure to perform a promise cannot amount to fraud. In many jurisdictions, without consideration of the question whether a promise was made with an intention not to perform it, it is held that the making of the promise cannot be an actionable fraud. It has been pointed out, however, that when a promise is made with intention not to perform it, the promisor is guilty of misrepresentation. (3 Williston on Contracts, sec. 1496.)

A statement which by itself might be a mere expression of opinion may be so connected with a statement of a material fact as to amount to fraud. A statement of value involving and coupled with a statement of a material fact is fraud. If a material fact is misrepresented, the addition of a promise to such misrepresentation does not prevent it from being fraud, if the other elements of fraud exist.

Where the promise is made without any intent on the promisor's part to keep it, but to induce action on the part of the promisee, it is held to be fraud. (1 Page on Contracts, secs. 293–298.)

"Fraud may be predicated upon the nonperformance of a promise in certain cases where the promise is the device to accomplish the fraud." (12 R. C. L., p. 257, sec. 23; *Adams v. Schiffer,* 11 Colo. 15, 7 Am. St. 202, 17 Pac. 21; *Sweet v. Kimball,* 166 Mass. 332, 55 Am. St. 406, 44 N. E. 243; *Cerny v. Paxton & Gallagher Co.,* 78 Neb. 134, 110 N. W. 882, 10 L. R. A., N. S., 640, and note; *Metcalf v. Hart,* 3 Wyo. 513, 31 Am. St. 122, 27 Pac. 900, 31 Pac. 407.)

False representations as to future events will constitute fraud, where these events depend upon the acts of the party making the representations, and form the inducement whereby the other party is led into the transaction. (*Henderson v. San Antonio etc. R. Co.,* 17 Tex. 560, 67 Am. Dec. 675.)

"If the promise is accompanied with a statement of existing facts which show the ability of a promisor to perform his promise, and without which the promise would not be accepted or acted upon, such statements are denominated representations, and if falsely made are grounds for avoiding the contract, though the thing promised to be done lies wholly in the future." (*Russ Lumber etc. Co. v. Muscupiabe Land & Water Co.,* 120 Cal. 521, 65 Am. St. 186, 52 Pac. 995.)

False representations by a vendor of land of his intention to make improvements which will benefit the property sold are ground for rescinding the contract. (*Roberts v. James,* 83 N. J. L. 492, Ann. Cas. 1914B, 859, and note, 85 Atl. 244.)

One who is induced to buy lots in a proposed town by the representations of the proprietor that a dock will be constructed near the premises, and that a town will be laid out and built up, and the streets opened and improved, will be relieved in equity from the performance of the contract where the proprietor abandons the intention of making the

promised improvements and the town never comes into existence, though it is not alleged that there was an intention not to perform when the sale was made. (*Rogers v. Salmon,* 8 Paige Ch. (N. Y.) 559, 35 Am. Dec. 725; *Roberts v. James, supra; Wilson v. Carpenter,* 91 Va. 183, 50 Am. St. 824, 21 S. E. 243; *Cooper v. Ft. Smith etc. R. Co.,* 23 Okl. 139, 99 Pac. 785.)

"A fraudulent promise which induces a person to act in such a way as to affect his legal right, or to alter his position to his injury or risk, is actionable." (*Cockrill v. Hall,* 65 Cal. 326, 4 Pac. 33; *Langley v. Roderiguez,* 122 Cal. 580, 68 Am. St. 70, 55 Pac. 406; *Brison v. Brison,* 75 Cal. 525, 7 Am. St. 189, 17 Pac. 689.)

"A representation within the meaning of the law of fraud is anything short of a warranty, which proceeds from the action or conduct of the party charged, and which is sufficient to create upon the mind a distinct impression of fact conducive to action." (*St. Louis & S. F. R. Co. v. Reed,* 37 Okl. 350, 132 Pac. 355.)

"Where a party alleges and proves that he was induced, by material, false and fraudulent representations, to enter into a contract which he would not have entered into but for such false and fraudulent representations, . . . . the contract obtained thereby is voidable." (*McLean v. Southwestern Casualty Co.,* 61 Okl. 79, 159 Pac. 660.)

"Any statement of an existing fact material to the person to whom it is made, which is false and known by the person making it to be false, and which is made to induce the execution of the contract and does induce the contract, is fraud, which will sustain an action to avoid the contract." (*Adams v. Gillig,* 199 N. Y. 314, 92 N. E. 670, 32 L. R. A., N. S., 127, and note, 20 Ann. Cas. 910, and note, citing the following authorities which sustain the foregoing: *Old Colony Trust Co. v. Dubuque Light etc. Co.,* 89 Fed. 794; *Williams v. Kerr,* 152 Pa. St. 560, 25 Atl. 618; *Chicago etc. R. Co. v. Titterington,* 84 Tex. 218, 31 Am. St. 39, 19 S. W. 472. See, also, *Rogers v. Salmon, supra.*)

Appellant's contention that one of the inducements for signing these notes was a promise that he was to be given such additional time to pay the same as he might desire is without merit, as such an agreement would have modified the terms of the written contract by a contemporaneous parol agreement.

Some of the defensive matters pleaded in avoidance of this agreement relate to promises that were to be performed in the future. Standing alone, they might not afford equitable ground for a rescission of this contract. But some of them were as to existing facts, and the representations as to others were so coupled with existing facts as to bring such representations within the rule announced in the foregoing cases, to the effect that if the promise is accompanied by a statement of existing facts which show the ability of the promisor to perform his promise, and without which the promise would not have been accepted or acted upon, such statements are representations, and if falsely made, are grounds for avoiding the contract, though the thing promised to be done lies wholly in the future. Respondent's counsel in the cross-examination of appellant brought out the fact that its agent represented to him that the sewers, gutters, curbs, cluster lights and trees were already in, that respondent was then engaged in putting in the paving, and had a force of 150 men at work, and that this had to be completed before the first of the following November. Some of these representations, particularly as to the construction of dwellings that were then being erected upon these premises, were as to existing facts.

We agree with respondent's counsel that in order for a party to be relieved from the payment of a note on the ground of fraud, he must plead and prove that the representations made the basis of the charge of fraud were made with authority, that they related to material facts, that they were false and known to be false, and were made under such circumstances that the person to whom they were made had a right to rely upon them, that he did rely upon them, and that damage resulted. We think that appellant has met all

of these conditions, except that he did not show a specific amount of damage, his offer to do so being rejected. However, it cannot be said that where one places a virgin tract of land upon the market as a residence addition to a city, and represents that such vendor is causing or will cause the same to be paved, curbed and guttered, sewers and water-mains laid, cluster street lights installed and ornamental trees set out, and further represents that expensive residences are then in process of construction, that such representations do not relate to material facts, and if false, that parties who were induced to purchase lots under such representations were not misled to their injury. Nor do we agree that a party to whom such representations are made is bound at his peril to regard them as false and to make an independent investigation as to their truthfulness, before he can claim the right to a rescission of the contract of purchase, when such representations are in fact shown to be false.

Whatever the real facts in this case may be, in the state of the record as here presented we are bound to assume them to be as shown by appellant's testimony, and to draw such inferences in favor of appellant as the jury might have been justified in drawing had the case been submitted to it. We therefore conclude that the trial court erred in instructing a verdict for respondent, and that the cause should be reversed and remanded, with instructions to set aside the verdict and judgment entered thereon, the same to be proceeded with thereafter in accordance with the views herein expressed, and it is so ordered. Costs awarded to appellant.

Rice, C. J., and Dunn, J., concur.

McCarthy, J., concurs in the result.