(December 31, 1923.)

MILLER–CAHOON COMPANY, a Corporation, Appellant, v. C. B. WADE and MARION WADE, His Wife, Respondents.

[221 Pac. 1102.]

FALSE PROMISES—CAUSE FOR RESCISSION—PROMISES AS A DEVICE TO ACCOMPLISH FRAUD—SALE AGREEMENT—WHEN A SINGLE TRANSACTION.

1. An action for the rescission of a contract may be based upon a false promise, where such promise is a device to accomplish a fraud.

2. Where the purchaser of second-hand farm machinery is induced to sign an order for its shipment, and upon its arrival to sign a receipt for its acceptance before it has been delivered

Publisher's Note.

2. General rules as to right to rely upon representations, see note in 37 L. R. A. 594.

to him, upon the representation of the vendor that it has been thoroughly overhauled and is in good condition, the sale agent agreeing that he will accompany the purchaser to his farm and demonstrate that the machinery is in good workable condition, and upon doing so it is found that the machinery is practically worthless for the purpose for which it was purchased, the entire transaction is a single one, and the purchaser is not precluded from rescinding the contract, he not having had an opportunity to know its worthless character when he signed the order for the shipment of such machinery.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. Robert M. Terrell, Judge.

Action to foreclose real estate and chattel mortgages. From a judgment for defendants, plaintiff appeals. *Affirmed.*

Bissell & Bird and W. C. Loofbourrow, for Appellant.

Where a foreign corporation enters the state of Idaho and after complying with the provisions of C. S., chap. 187, acquires certain contract interests in Idaho, and thereafter transfers said contract interests to the plaintiff foreign complying corporation, and a few years later said plaintiff foreign corporation files suit to enforce said contract interests, it is entitled to maintain such action in the courts of the state of Idaho, despite the fact that its corporation license lapsed for a few months beginning just previous to the filing of the suit and ending between the dates of the filing of the suit and the actual trial thereof. (C. S., sec. 4775; *Tarr v. Western Loan & Sav. Co.,* 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707; *Junction Placer Min. Co. v. Reed,* 28 Ida. 219, 153 Pac. 564; *Deveny v. Success Co.* (Tex. Civ.), 228 S. W. 295.)

If in making its findings of fact the trial court neglects to find whether or not the original contracting foreign corporation had complied with the laws of Idaho with relation to foreign corporations doing business in Idaho at the time of

making the contract, the judgment must be reversed. (*Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490.)

Where a prospective purchaser, who has had thirty-two years' experience as a machinist, is given ample opportunity to examine the second-hand machinery offered for sale, and he signs an order therefor, which recites that the machinery is not warranted in any respect and that the whole contract is expressed in writing, and afterward when the machinery arrives signs a receipt containing similar provisions, and the machinery does not work satisfactorily, but purchaser retains the property and uses it for the purposes intended, upon the promises, however, of the agents of the seller that the machinery will be put in working condition, and seller attempts time and again to fulfil its promises, with only fair success, there is no fraud. (12 R. C. L. 361; *Brown v. Bledsoe,* 1 Ida. 746; *Kemmerer v. Pollard,* 15 Ida. 34, 96 Pac. 206; *Ross v. Reynolds,* 112 Me. 223, 91 Atl. 952; 12 R. C. L. 254; note, 59 Am. St. 129; note, 18 Am. St. 558; 26 C. J. 1090; *Pocatello Security Trust Co. v. Henry,* 35 Ida. 321, 27 A. L. R. 337, 206 Pac. 175.)

Where there is no sufficient allegation of fraud in the inception of writings, oral evidence which tends to vary, add to, modify or take from said writings should not be admitted in evidence. (*Hurt v. Mon. Mer. Min. Co.,* 35 Ida. 295, 206 Pac. 184; *Rowe v. Emerson-Brant Imp. Co.,* 61 Mont. 73, 201 Pac. 316; *Parker v. Herron,* 30 Ida. 327, 164 Pac. 1013; *Kemmerer v. Pollard, supra; Brown v. Bledsoe, supra.*)

McDougall & Jones, for Respondents.

Where fraud is alleged and proved, parol evidence is admissible to alter, vary, contradict or modify the terms and conditions of a written instrument. (1 Page on Contracts, par. 286; 3 Jones on Evidence, par. 435, p. 155; *Burroughs Adding Machine Co. v. Scandinavian-American Bank,* 239 Fed. 179.)

Where the purchaser makes an attempt to investigate but is unsuccessful in discovering any defects, or where he is

prevented by fraudulent concealment of the defects or where the purchaser is fraudulently induced to forbear investigation, the fact that he makes an unsuccessful attempt to investigate will not avail the seller to defeat the effect of its own fraudulent acts and misrepresentations. (*Beecher v. Wilson,* 63 Wash. 149, 114 Pac. 899; 26 C. J., par. 71, p. 1157; 1 Page on Contracts, pars. 328, 331, 332; *Watson v. Brown,* 113 Iowa, 108, 85 N. W. 28; *Tacoma v. Tacoma Light & Water Co.,* 17 Wash. 458, 50 Pac. 55; *Stewart v. Wyoming Ranch Co.,* 128 U. S. 383, 9 Sup. Ct. 101, 32 L. ed. 439; *Morrow v. Bonebrake,* 84 Kan. 724, 115 Pac. 585, 34 L. R. A., N. S., 1147; *Hennesey v. Damourette,* 15 Colo. App. 354, 62 Pac. 229; *Hanscom v. Drullard,* 79 Cal. 234, 21 Pac. 736; *Wainscott v. Occidental Bldg. & Loan Assn.,* 90 Cal. 253, 33 Pac. 88.)

Where a manual transfer of a written instrument is made, before it has any legal effect, the surrender of the contract must be accompanied by the intention of both the parties that the instrument shall take effect thereby. (2 Page on Contracts, par. 1187; *Lanphere v. Ackles,* 220 Mich. 300, 189 N. W. 845; *Laprade v. Fitchburg etc. R. Co.,* 205 Mass. 77, 90 N. E. 982; *Sample v. Geathard,* 281 Ill. 79, 117 N. E. 718; *Carpenter v. Carpenter,* 141 Wis. 544, 124 N. W. 488; *Carlson v. Crescent, etc.,* 20 Ida. 794, 120 Pac. 460; *Brown v. St. Charles,* 66 Mich. 71, 32 N. W. 926.)

WILLIAM A. LEE, J.—This is an action by the Miller-Cahoon Company, a foreign corporation, to foreclose real estate and chattel mortgages upon property situate in Power county, Idaho. The indebtedness was evidenced by four notes secured by mortgages executed October 22, 1913, to the Emerson-Brantingham Implement Company, also a foreign corporation, these notes being later indorsed to plaintiff.

Both of these corporations had qualified to do business in this state. During the course of the trial, respondents sought to show that appellant Miller-Cahoon Company, at the time of the commencement of this action,

had forfeited its right to do business in this state by a failure to pay the annual license fee prescribed by C. S., sec. 4782.

The notes aggregated $2000, and were given for the purchase price of a threshing outfit, including a tractor used for operating the separator. Respondents admit the execution of the notes and mortgages securing the same, but seek to avoid payment on the ground of fraud and misrepresentation, and also file a cross-complaint asking for judgment in the sum of $3,000 against appellant on account of labor performed and money expended upon this machinery in an effort to operate the same.

In addition to respondents Wade and his wife, who executed the original notes and mortgages, the complaint made a large number of other parties defendants in this action, and thereafter additional parties were permitted to intervene, so that the pleadings are very voluminous, covering approximately 170 pages of the record. However, this appeal presents for review only the decree against the appellant Miller-Cahoon Company in favor of respondents Wade, it being adjudged that the notes and mortgages sought to be foreclosed were null and void, on account of fraudulent representations used in procuring the execution of such notes and mortgages, and they were ordered canceled. Certain relief is granted to various other defendants and intervenors, but no appeal having been taken from any of such orders or judgments except the one presented here by the Miller-Cahoon Company against Wade and his wife, consideration of the remaining portions of the decree is not necessary.

Appellant assigns as error: (1) that the trial court erred in finding that plaintiff was not entitled to file and prosecute this action; (2) that plaintiff and its predecessor in the notes and mortgages, the Emerson-Brantingham Implement Company, obtained the same from the Wades through fraud; (3) that there was error in admitting oral evidence which tended to vary and modify the terms of the written instruments; (4) in decreeing that the notes and mortgages be

canceled and discharged of record; (5) and in finding that nothing was due plaintiff in this action.

The evidence is wholly insufficient to support the finding that appellant was not qualified to do business in this state at the time of the commencement of the action, and if the judgment did not rest upon any other foundation, it should be reversed. To the foreclosure complaint, respondents in effect pleaded want of consideration for the notes and mortgages given, and further that their execution was procured by fraud on the part of the seller and appellant, and asked for their cancelation.

It appears that the Emerson-Brantingham Implement Company owned this second-hand threshing outfit, which at the beginning of the negotiations was at St. Anthony, in Fremont County. Acting through appellant company, it induced respondent C. B. Wade to go from his home in Power county to St. Anthony to look at the machinery in question, which was represented to have been recently repaired and put in good condition. It had been repainted, and externally presented the appearance of being practically as good as new. At this time respondent had neither time nor opportunity to give it more than a casual examination, and no test of the working qualities of this machinery was or could then be made.

The agreement required the vendor to ship the machinery to Pocatello, where the buyer was to receive the same. Upon its arrival, a controversy arose with regard to its purchase price. Appellant's agent claimed that the company had refused to accept the order given by respondent for the machinery prior to its shipment, for the reason that at the time of fixing the price, an expense of $800 which the seller had been to in repairing the machinery had been overlooked. It is therefore evident that the shipping order signed by respondent, not having been accepted by the seller, was not effective to bind either party at this time. In the course of the subsequent negotiations which followed, including the unloading of the machinery and probably the execution of the notes and mortgages in question, although the time of

the execution cannot be ascertained with certainty from the record, appellant's agent discovered that the representations which he had made to respondent with regard to the character and condition of this machinery were not true, and that it had not been overhauled and repaired in accordance with the representations made at the time the machinery was inspected by respondent Wade at St. Anthony, under circumstances that did not permit him to examine the same nor test its efficiency in operation. The findings of the court are definite and certain as to this, and an examination of the record discloses that the testimony of the selling agent and also of respondent supports the findings.

During the trial, respondents were permitted to amend their answer by alleging that prior to the execution of the order and the notes and mortgages sued upon, the Emerson-Brantingham Implement Company, by and through their selling agent, appellant here, for the purpose of inducing respondents to execute the order and notes and mortgages in payment for this machinery, represented to them that this second-hand threshing outfit had been thoroughly rebuilt at the factory, and was in first-class operating condition, which representation was false; but that respondents relied upon such representation, having made no examination of it because of it being so covered up when inspected by Wade at St. Anthony that no examination could be made at that time; that at the time of its delivery, it was not in condition to operate, but upon the representation of the seller and its agent that they would place this machinery in good condition, respondents, relying upon such representation, were induced to execute the order and receipt mentioned, and by respondents' acceptance it was intended by both parties to the agreement that such acceptance was being made upon the condition that the machinery would be put in good condition, which was not done.

At the time this amendment was presented and allowed, counsel for appellant, in resisting the same, read into the record the affidavit of the selling agent, one Musselman, who appears to have had entire charge of the negotiations for

this sale. Although he had been a witness for respondents, in this affidavit he said that he represented to respondents when he began negotiations to sell that this machinery had been overhauled and was in good operating condition, but that before delivery had been completed, he discovered that the representations made by him about the machinery having been overhauled were not true; that in places the threads were stripped from the bolts, and instead of new ones being supplied, strips of tin were used to make these bolts hold; that upon ascertaining that this machinery had not been properly repaired, he promised respondent that it would be thoroughly overhauled and placed in good condition before the beginning of the next season. This testimony is further corroborated by Wade and his son Lawrence Wade, and does not appear to be controverted.

But appellant relies upon the terms of the written order previously given, and of the receipt, which refers to it, that was signed by Wade on the 5th of November following. This latter instrument acknowledges receipt of the machinery "in accordance with the order of October 10th," and further provides that the machinery is received by respondents under and pursuant to the terms and conditions of the order and not otherwise, and that such order contains all of the agreement between the parties.

However, it is clear from the testimony of all of the parties to this transaction, including that of the sales agent Musselman, that this receipt was signed before the machinery was unloaded, and before it was in any manner received by respondent, upon the representation to him that it was the practice of the company to require the signing of a receipt before the machinery was unloaded at the shipping station. After the same was unloaded, the selling agent Musselman, with an engineer, attempted, in conjunction with respondent, to take the machinery about eighteen miles overland to respondents' farm. It was learned on going a few miles out of Pocatello that the main countershaft bearing cap bolts had not been properly repaired, but were held in place with pieces of tin, and they

gave way, it being some two days before the machinery was gotten to respondents' farm. At this time the selling agent and the engineer who accompanied him were unable to make it operate successfully, but again represented that it would be repaired and made to work properly. From all this it is apparent that neither party regarded the sale and delivery of the machinery as completed at the time of the execution of this contract and receipt.

"Fraud may be predicated upon the nonperformance of a promise in certain cases, where the promise is the device to accomplish the fraud." (*Pocatello Security Trust Co. v. Henry,* 35 Ida. 321, 206 Pac. 175; 12 R. C. L. 257, sec. 23; *Adams v. Schiffer,* 11 Colo. 15, 7 Am. St. 202, 17 Pac. 21; *Sweet v. Kimball,* 166 Mass. 332, 55 Am. St. 406, 44 N. E. 243; *Cerny v. Paxton & Gallagher Co.,* 78 Neb. 134, 110 N. W. 882, 10 L. R. A., N. S., 640, and note; *Metcalf v. Hart,* 3 Wyo. 513, 31 Am. St. 122, 27 Pac. 900, 31 Pac. 407.)

We think the facts of this case bring the alleged fraudulent transaction within the rule announced in *Pocatello Security Trust Co. v. Henry, supra,* for the reason that the representations with regard to the complete repair of this machinery and the representation that it was in good working order, while in part made prior to the signing of the order and also prior to the signing of the receipt for this machinery at about the time the same was unloaded in the yards at Pocatello, the subsequent actions of the vendor's agent in accompanying respondent overland with the machinery some eighteen miles to his farm, and the defects being discovered in the course of the two days following, which the selling agent and engineer who were present attempted to repair, all tend to show that neither the vendor nor respondents intended that this sale contract should be closed at the time of the execution of this order and receipt, nor at the time of the execution of the notes and mortgages, which appear to have been executed prior to the execution of the receipt.

When this transaction is considered as an entirety, it is clear that the selling agent Musselman, who appears to have

been acting in good faith in this matter, had not intended by exacting of respondent his signature to this receipt before the removal of the machinery from the car to close the sale agreement, nor did he so intend at the time of the execution of the notes and mortgages sued on in this action. Neither did he treat the transaction as closed and the vendor relieved from further responsibility in the matter of making this machinery operate successfully, for he, with his engineer, remained with it for several days, and at the end of this time left it with respondent with the assurance that further repairs would be made, which was never done.

The judgment is affirmed, with costs to respondents.

Budge, C. J., and McCarthy, Dunn and Wm. E. Lee, JJ., concur.