## JOHN M. WRIGHT, Respondent, v. E. S. SPENCER, Appellant:

[226 Pac. 173.]

NEGOTIABLE PROMISSORY NOTE — FRAUD AS DEFENSE — FALSE REPRESENTATIONS—FALSE PROMISES—DAMAGES—HOLDER IN DUE COURSE —NOTICE OF FRAUD—BURDEN OF PROOF.

1. The doctrine of *Pocatello Security Trust Co. v. Henry,* 35 Ida. 321, 206 Pac. 175, as to false representations and promises, *held* controlling, and applied to the facts of this case.

2. Fraudulent representations, resulting in material injury, furnish ground for rescission of a contract, without regard to the actual extent of the pecuniary damage suffered.

3. In an action on a negotiable promissory note, when defendant pleads and proves that the note was procured by fraud, the plaintiff must show affirmatively that he took the note as a holder in due course.

4. In such case the burden is on the plaintiff to show that he took without notice of the fraud.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. H. F. Ensign, Judge.

Action on promissory note. Judgment for plaintiff. *Reversed.*

Paul S. Haddock and E. D. Reynolds, for Appellant.

In an action to rescind upon the ground of fraud the fraud is the essential thing, and while it must be coupled with loss, injury or damage the precise amount of such damage is of secondary importance. (*Wainscott v. Occidental Assn.,* 98 Cal. 255, 33 Pac. 88; *Pocatello Security Trust Co. v. Henry,* 35 Ida. 321, 206 Pac. 175.)

False statements as to future events will constitute fraud where these events depend upon the acts of the party making the representations and form the inducement whereby the other party is led into the transaction. (*Henderson v. San Antonio etc. R. Co.,* 17 Tex. 560, 67 Am. Dec. 675.)

False representations by a vendor of land of his intent to make improvements which will benefit the property sold are grounds for rescinding the contract. (*Roberts v. James*, 83 N. J. L. 492, Ann. Cas. 1914B, 859 and note, 85 Atl. 244; *Pocatello Security Trust Co. v. Henry, supra*.)

In an action upon a negotiable promissory note where the defendant pleads and proves that the note was procured by fraud it is incumbent upon the plaintiff to show affirmatively that it was a holder in due course. (*First National Bank of Shenandoah v. Hall*, 31 Ida. 167, 169 Pac. 936.)

McFadden & Perkins and W. A. Brodhead, for Respondent.

A holder of a promissory note in due course holds the instrument free from defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all of the parties liable thereon. (C. S., sec. 5924; *Burdell v. Nereson*, 28 Ida. 129, 152 Pac. 576; *Southwest National Bank v. Baker*, 23 Ida. 428, 130 Pac. 799.)

Allegations of fraud in a pleading to be sufficient must set forth the facts constituting the fraud with reasonable certainty. (*Frank v. Davis*, 34 Ida. 678, 203 Pac. 287.)

Fraud without damage or injury is not remediable. (*Frank v. Davis, supra; Breshears v. Callendar*, 23 Ida. 348, 131 Pac. 15; Pomeroy, Eq. Juris., 1864, sec. 898.)

The answer is insufficient to constitute a defense to plaintiff's complaint. (Sec. 6694, C. S.)

McCARTHY, C. J.—This is an action on a promissory note for $1,000, alleged to have been executed and delivered by appellant to the Pocatello Security and Trust Co., a corporation, and by it indorsed to respondent before maturity for value. Respondent seeks to recover the principal with interest and attorney fee. In the answer appellant admits the execution and delivery of the note to the corporation, and, for lack of knowledge or information, denies

its indorsement to respondent before maturity and for value. As an affirmative defense appellant pleads that he executed and delivered the note to the corporation as part payment on a contract to purchase certain lands in Blue Lakes Addition to Twin Falls pursuant to a written agreement; that in order to induce appellant to enter into said contract the corporation falsely and fraudulently represented to him that it had received payment in cash for one-half of the total purchase price of the said Blue Lakes Addition and would forthwith proceed to pave, curb and gutter the streets; that it would lay concrete sidewalks and adequate sewers and water system, plant elm trees and install cluster lights, all to be done during 1918; that it had already sold or contracted for the sale of all lots in the east half of said addition, that one Clyde Bacon had purchased lots in the addition and contracted for the construction on them during 1918 of a dwelling-house to cost $25,000; also that Peter Bethune and numerous other purchasers of lots in the addition had contracted for the erection of dwelling-houses during 1918. Appellant further alleges that all of said promises and representations of fact were false and fraudulent, and known to be such by the corporation, and were made for the purpose of deceiving appellant; that the corporation had no idea or intention of performing any of said promises; that appellant believed and relied on said false representations and promises and because thereof executed and delivered his promissory note, by reason whereof he has been greatly injured and damaged; that on discovering the falsity of the promises and representations appellant elected to rescind the agreement of purchase, tendered to the corporation the possession of the lands in question and is ready and willing to deliver the said lands and contract. Appellant prays for rescission and cancelation of the written agreement and the note, and for judgment in his favor. After the introduction of evidence by both respondent and appellant the court, on motion of respondent, instructed the jury to return a verdict in his favor and against appellant in the amount prayed for in plaintiff's

complaint. Upon the jury's returning such a verdict, a judgment in accordance therewith was rendered. From it this appeal is taken and the one specification of error is that the trial court erred in granting respondent's motion for a directed verdict.

If there was any ground for directing a verdict the judgment should be sustained. Respondent defends the action of the court upon the following grounds: (1) that fraud was not sufficiently alleged or proved, (2) that there was no allegation or proof of pecuniary damage resulting to appellant, (3) that there was no allegation in the answer and no proof that respondent knew of the fraud, if any, committed by the corporation. We will consider these matters in the order above named.

There is evidence in the record tending to show that false representations of fact and false promises were made by the corporation as alleged in the answer. The allegations and proof bring the case within the doctrine of *Pocatello Security Trust Co. v. Henry,* 35 Ida. 321, 27 A. L. R. 337, 206 Pac. 175, the facts being almost exactly the same as those involved and passed upon by this court in that case. Respondent's first point is therefore disposed of by that decision.

There is no allegation in the answer of any specific amount of pecuniary damage alleged to have resulted from the misrepresentations, the only allegation being that appellant was greatly injured and damaged. There is no proof of any specific amount of pecuniary damage, no evidence being introduced as to the specific value of the property covered by the contract and what its value would have been if the representations had been true. Respondent relies upon *Frank v. Davis,* 34 Ida. 678, 203 Pac. 287, in which this court said:

"A defense to a promissory note of want of consideration because of fraudulent representations of the payee in regard to the transactions in which the note was given is insufficient unless it appears that the maker of the note was damaged by reason of the fraud."

In the body of the opinion the court further said:

"The answer also fails to show injury to appellant. The answer states that the land actually conveyed to appellant was worth less by an amount exceeding $800 than the tract of land contracted for, but there is no allegation that the land conveyed was not reasonably worth as much as, or more than, appellant paid for it."

Appellant, on the other hand, relies upon the decision in *Pocatello Security Trust Co. v. Henry, supra,* in which this court said, at pp. 331, 332:

"We think that appellant has met all of these conditions, except that he did not show a specific amount of damage, his offer to do so being rejected. However, it cannot be said that where one places a virgin tract of land upon the market as a residence addition to a city, and represents that such vendor is causing or will cause the same to be paved, curbed and guttered, sewers and watermains laid, cluster street lights installed and ornamental trees set out, and further represents that expensive residences are then in process of construction, that such representations do not relate to material facts, and if false, that parties who were induced to purchase lots under such representations were not misled to their injury."

These two decisions are not in conflict, as will appear from an examination of the facts in the two cases. The decision in *Frank v. Davis* is authority only to the effect that, having purchased property, one cannot retain it, and establish a counterclaim for fraud, without pleading and proving that the thing purchased was not worth as much as, or more than, he paid for it. On the other hand, in *Pocatello Security Trust Co. v. Henry, supra,* the appellant in his answer set up the fraud, and asked a rescission of the contract and cancelation of the notes alleged to have been obtained by fraud. In such cases equity does not require one to plead or prove that the property is not worth what was paid for it, but will grant a rescission if fraud has been practiced resulting in material injury. (*Winscott v. Occidental etc. Assn.,* 98 Cal. 253, 33 Pac. 88; *Engeman v. Tay-*

*lor,* 46 W. Va. 669, 33 S. E. 922; 1 Black on Rescission, sec. 37, pp. 92, 93; 2 Pomeroy, Equity Jurisprudence, sec. 898, pp. 1864–1867.) This case falls within the doctrine of *Pocatello Security Trust Co. v. Henry, supra,* rather than that of *Frank v. Davis, supra.* It was not necessary for appellant to allege or prove the exact amount of the pecuniary damage resulting. It was sufficient to allege and prove material injury resulting from the fraud, which appellant did.

Respondent contends that the court was justified in directing the verdict because appellant did not prove that respondent took with notice of the fraud. The question presented requires a construction of the following sections of the Negotiable Instruments Law:

C. S. "Sec. 5919. A holder in due course is a holder who has taken the instrument under the following conditions:

"1. That the instrument is complete and regular upon its face.

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.

"3. That he took it in good faith and for value.

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

"Sec. 5922. The title of a person who negotiates an instrument is defective within the meaning of this chapter when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud.

"Sec. 5923. To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowl-

edge of such facts that his action in taking the instrument amounted to bad faith.''

''Sec. 5925. In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable. But a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter.

''Sec. 5926. Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title.''

This court has held:

''In an action upon a negotiable promissory note where the defendant pleads and proves that the note was procured by fraud, it is then incumbent upon the plaintiff to show affirmatively that it was the holder in due course.''

''Under the provisions of sec. 3516, Rev. Codes, the burden was on appellant to prove that it acquired the title as a holder in due course.'' (*First Nat. Bank v. Hall*, 31 Ida. 167, 169 Pac. 936.)

Rev. Codes, sec. 3516, construed in that opinion is now C. S., sec. 5926, *supra*. See, also, *Voss v. Smith* (Okl.), 224 Pac. 328. From the above sections, and particularly section 5926 as construed in *First Nat. Bank v. Hall, supra,* we conclude that, when appellant alleged and proved that the title of the corporation which negotiated the instrument to respondent was defective, because of the fraud practiced, the burden was on respondent to prove that he acquired title to the note as a holder in due course. This included the burden of proving that, when it was negotiated to him, he had no notice of the infirmity in the instrument resulting from the fraud practiced by the corporation

which transferred it to him, lack of such notice being an element of the statutory definition of a holder in due course. Having proved the fraud, the burden was not upon appellant to prove that respondent took with notice of the fraud, but the burden was on respondent to prove that he took without notice. The court therefore erred in directing a verdict for respondent. Accordingly the judgment is reversed and the case remanded for a new trial in accordance with the views herein expressed. Costs to appellants.

William A. Lee, Wm. E. Lee, JJ., and Brinck, D. J., concur.