(November 24, 1924.)

# W. I. SMITH, Respondent, v. MILTON MARLEY and E. A. MARLEY, Appellants.

[230 Pac. 769.]

PLEADING AND PRACTICE — SUFFICIENCY OF ANSWER — DENIALS — NEW MATTER—INSTRUCTED VERDICT.

1. Answers are separated by the code into two classes,—denials, which serve the sole purpose of raising a direct issue upon plaintiff's allegations; and "new matter," that is, facts different from those averred by the plaintiff, not embraced within the judicial inquiry into the truth of the complaint, but which is defensive and tends to destroy or bar plaintiff's right of action, or states an independent cause of action in favor of defendant against plaintiff, in opposition to a recovery upon plaintiff's demand.

2. A denial, when properly pleaded, does not state any facts but denies facts. A defense of new matter does not deny any facts; it assumes the averments of the complaint to be true, and by an express or silent admission admits the truth of the complaint, as far as it goes.

3. Where an answer admits, by failing to deny, the allegations of the complaint, and sets up as new matter a state of facts which, if true, constitute an independent cause of action in favor of defendant and against plaintiff that may be used in opposition to plaintiff's recovery against defendant upon his cause of action, it is error for the court to strike out competent evidence that tends to support the allegations of new matter in the answer and direct a verdict for plaintiff on the ground that the allegations of the complaint are not denied.

4. An instruction which directs a verdict has the same effect as an order sustaining a motion for nonsuit, in that it admits the truth of the adversary's evidence and every inference of fact that may be legitimately drawn therefrom. Its effect is to instruct the jury that there is no evidence to support the claim of the party against whom such verdict is directed.

APPEAL from the District Court of the Fifth Judicial District, for Caribou County. Hon. O. R. Baum, Judge.

Action on title-retaining notes. Judgment for plaintiff. *Reversed* and *remanded.*

R. J. Dygert, for Appellant.

When property is retaken under a contract or title note, as was done in this case, and the property is turned over voluntarily by the purchaser, the seller is bound to give the purchaser credit for the reasonable value of the property at that time.    (See *Wright v. Horton*, 32 Ida. 516, 185 Pac. 555.)

C. E. Melvin, for Respondent, files no brief.

WILLIAM A. LEE, J.—This is an action to recover a balance upon three title-retaining notes.  The pleading on behalf of appellants is entitled "Answer and Cross-complaint."  It admits, by failing to deny, all of the allegations of the complaint, and the defense is in the nature of a confession and avoidance, under C. S., sec. 6694, which provides that the answer shall contain: "1. A general or specific denial of the material allegations of the complaint controverted by the defendant.  2. A statement of any new matter constituting a defense or counterclaim," etc.

The answer, in effect, admits the execution of the notes sued upon and the consequent indebtedness that arises therefrom, and sets up, by way of defense, a plea of payment, or satisfaction, of said obligations, alleging that appellants delivered to respondent, and he agreed to accept, all of the chattels for which the notes were given and in addition thereto a threshing outfit, at the reasonable value of such chattels, and that the reasonable value exceeded such indebtedness, and that respondent agreed to pay to appellant such excess.  All of the affirmative matter pleaded in the answer was specifically denied by respondent.  Upon the issues thus tendered by the pleadings, respondent, on his own behalf, testified that the amounts alleged to be due on the several notes were the correct amounts due and unpaid thereon, and rested.  Appellants offered substantial evidence on behalf of their affirmative defense of new matter tending to show that the notes in question had all been fully paid by the surrender of the personal property for which they

had been given and also a delivery of a threshing-machine outfit owned by appellants to respondent, and that such machinery and implements had been taken under an agreement between the parties to credit the value of such chattels upon the amounts due on the notes and pay the excess to appellants, and that these chattels so delivered were worth in excess of the indebtedness due on the notes sued upon, $364.38, and appellants asked for an affirmative judgment for this amount.

At the close of appellants' evidence respondent moved the court to direct the jury to return a verdict in favor of respondent for the amount demanded in his complaint and for a nonsuit against appellants upon their affirmative plea, for the reason that the material allegations of the complaint are admitted by the pleadings and that the affirmative allegations of the answer or cross-complaint did not state facts sufficient to constitute a cause of action or to entitle appellants to any relief. The court then suggested to respondent that he make an additional motion to strike out the testimony of appellants, which was done, and the court thereupon directed that the record show the motion of respondent was granted, and instructed the jury to return a verdict in favor of respondent upon his three causes of action for the amounts claimed to be due thereon, and a judgment was accordingly rendered in favor of respondent and against appellants to this effect for the full amount prayed for in the complaint.

From this judgment appellants appeal, and make two assignments of error: (1) The court erred in refusing to receive evidence as to what the property could be sold for at the time it was turned over to plaintiff; and (2) The court erred in directing a verdict in favor of the plaintiff.

Respondent has filed no brief, but from his motion for a directed verdict and his motion, made at the suggestion of the court, to strike all of appellants' testimony in support of their cross-complaint, it may be inferred that these motions were allowed upon the assumption that the failure of appellants to deny specifically the allegations of the complaint entitled respondent to an instructed verdict.

We think the answer tenders a defense to the complaint, although it does not directly deny any of the material allegations of the complaint. A denial, when properly pleaded, does not state any facts; it simply denies facts. A defense of new matter, on the other hand, does not deny any facts; it assumes the averments of the complaint to be true. Under the ancient system a plea of confession and avoidance must give color to the affirmative averments of the complaint, or it would be fatally defective. The "giving color" was simply the absence of any denials, and the express or silent admission that the declaration, as far as it went, told the truth. (Pomeroy's Code Remedies, 4th ed., sec. 563, p. 788.)

Answers are separated by the code into two classes,—those which consist of denials, and therefore serve the sole purpose of raising a direct issue upon the plaintiff's allegations; and those which state what the code calls "new matter,"—that is, facts different from those averred by the plaintiff, and not embraced within the judicial inquiry into their truth. The latter class is again subdivided into those in which the "new matter" is simply defensive, and, if true, destroys or bars the plaintiff's right of action; and those in which the "new matter" is the statement of an independent cause of action in favor of the defendant against the plaintiff, to the end that a recovery upon it may be used in opposition to the recovery upon plaintiff's demand, by either diminishing, equaling, or exceeding the same. (Pomeroy's Code Remedies, 4th ed., sec. 484, p. 706.)

"An affirmative plea seeking to raise a question which has already been put in issue by the complaint and the denial thereto, is demurrable." (1 Sutherland on Code Pleading, sec. 457, p. 279; *Hastings v. Anacortes etc. Co.,* 29 Wash. 224, 69 Pac. 776; *Hopkins v. Dipert,* 11 Okl. 630, 69 Pac. 883.)

"A further answer by way of confession and avoidance of the matters alleged in a complaint is inconsistent with a specific denial thereof, but may properly be pleaded with a special or qualified denial, such as a denial with an *absque hoc.*" (1 Sutherland on Code Pleading, sec. 465, p. 286;

*McDonald v. American Mortgage Co.,* 17 Or. 626, 21 Pac. 883.)

We think the new matter alleged in appellants' answer, if true, destroys or bars respondent's right of recovery. While it admitted the due execution and delivery of the notes sued upon in the complaint, it set up a state of facts, which, if true, would constitute an independent cause of action in favor of appellants and against respondent, and was such a cause of action as might be used in opposition to respondent's recovery against them upon his cause of action. Appellants having offered substantial evidence in support of their cause of action, pleaded as new matter in their answer, it was error for the court to direct that such evidence be stricken, and the jury instructed to return a verdict in favor of respondent.

"An instruction which directs a verdict has the same effect as an order sustaining a motion for nonsuit, in that it admits the truth of the adversary's evidence, and every inference of fact that may be legitimately drawn therefrom. In effect it instructs the jury that there is no evidence to support the claim of the party against whom such verdict is directed." (*Pocatello Security T. Co. v. Henry,* 35 Ida. 321, 206 Pac. 175; *Keane v. Pittsburg Lead Min. Co.,* 17 Ida. 179, 105 Pac. 60; *Marshall v. Gilster,* 34 Ida. 420, 201 Pac. 711.)

Appellants devote considerable part of their brief to questions relating to the right of a vendor under a conditional sale contract to sue for the balance due on the purchase price after retaking and selling the property, but in view of the conclusion we reach that upon the record before us it was error to direct a verdict for respondent, it is not necessary to consider such questions.

The cause is reversed and remanded, with instructions to set aside the verdict and grant a new trial, appellants to recover costs.

McCarthy, C. J., and Wm. E. Lee, J., concur.

Dunn, J., concurs in conclusion reached.