291 P.2d 297

The LANG COMPANY, Inc., a corporation,
Plaintiff-Appellant,

v.

GRANDVIEW MUTUAL CANAL COM-
PANY, a corporation, Defendant-
Respondent.

No. 8216.

Supreme Court of Idaho.

Dec. 7, 1955.

Z. Reed Millar, Boise, Wilford M. Burton, Salt Lake City, Utah, for appellant.

Anderson, Kaufman & Anderson, Boise, for respondent.

PORTER, Justice.

By its complaint appellant alleged generally that on November 17, 1949, appellant and respondent entered into a written contract whereby appellant sold to respondent certain irrigation pumping equipment for the agreed price of $13,335. That there was a balance due and unpaid on said contract in the sum of $1,500, for which sum appellant prayed judgment. Respondent by its answer admitted the allegations of the complaint except it denied there was a balance due appellant on such contract.

As an affirmative defense and cross-complaint, respondent alleged appellant warranted and represented by the terms of the contract that the equipment purchased would supply 58.12 second feet of water into respondent's canal system. That the equipment furnished appellant was sufficient to supply only 49 second feet of water which was inadequate for respondent's operation and to the damage of respondent in the sum of $5,000. Respondent prayed judgment that appellant take nothing by reason of its complaint and that respondent have judgment against appellant for the sum of $5,000 less the amount of $1,500 remaining unpaid on the purchase price of the equipment. Appellant filed a general denial to the cross-complaint.

Upon the trial of the cause the jury returned the following verdict:

"We, the jury in the above-entitled action, find against both parties, that is against the plaintiff, the Lang Company, Inc., a corporation, on its complaint, and against the defendant, Grandview Mutual Canal Company, a corporation, on *it* cross complaint."

Judgment was entered by the court in accordance with the verdict of the jury. Appellant has appealed to this court from that part of the judgment reading as follows:

"It is ordered and adjudged that the plaintiff do have and recover nothing from the defendant on its complaint * * * and that each party pay its own costs."

Appellant's assignments of error are as follows:

"I.

"The Court erred in failing to grant judgment to plaintiff as prayed, including attorney's fees and costs, as the defendant's pleadings admitted the balance owing plaintiff and sought to offset that amount by its claim of breach of warranty set up in the counterclaim. The jury finding against defendant on its counter-claim required the Court under the law and the pleadings to enter judgment in favor of plaintiff.

"II.

"The verdict of the jury was contrary to law in failing to find for plaintiff on its complaint, the pleadings admitted the contract and the balance of $1500.00 remaining unpaid thereon.

"III.

"Under the pleadings, there was no issue before the jury on plaintiff's complaint and the verdict rendered against plaintiff is contrary to law."

Appellant did not bring before us on this appeal the reporter's transcript of the evidence and proceedings in the cause or the instructions of the court to the jury. By leave of this court respondent by way of augmentation of the record has brought before us the trial court's Instruction No. 7, reading in part as follows:

"In this action, depending upon the evidence as you may find it to be and the instructions of the Court, you may find and return a verdict:

"(1) For the plaintiff on its complaint, and against the defendant on its cross-complaint; or

"(2) For the defendant on its cross-complaint, and against the plaintiff on its complaint; or

"(3) Against both parties, that is against the plaintiff on its complaint and against the defendant on its cross-complaint."

After this augmentation of the record, appellant in its reply brief, made the addi-

tional assignment of error that "The Court erred in its Instruction No. 7 to the jury in permitting the jury to find against the plaintiff on its complaint."

Appellant's contentions of error appear to be based upon the assumption that by its verdict the jury found against the entire claim of respondent under its cross-complaint. We deem this assumption to be erroneous under the pleadings.

Section 5–612, I.C., reads as follows:

"The answer of the defendant shall contain:

"1. A general or specific denial of the material allegations of the complaint controverted by the defendant.

"2. A statement of any new matter constituting a defense or counterclaim."

In Smith v. Marley, 39 Idaho 779, 230 P. 769, the plaintiff brought action on three title-retaining notes. The defendant filed an answer and cross-complaint in which he failed to deny all of the allegations of the complaint but set up as an affirmative defense that the notes had been *duly paid by delivery of the personal property* for which they had been given and the delivery of a threshing machine; that the chattels so delivered were worth in excess of the indebtedness; and asked for an affirmative judgment for such excess. We quote from the court's opinion, 39 Idaho 782–783, 230 P. 770, as follows:

"Answers are separated by the code into two classes; those which consist of denials, and therefore serve the sole purpose of raising a direct issue upon the plaintiff's allegations, and those which state what the Code calls 'new matter,' that is, facts different from those averred by the plaintiff, and not embraced within the judicial inquiry into their truth. The latter class is again subdivided into those in which the 'new matter' is simply defensive, and, if true, destroys or bars the plaintiff's right of action; and those in which the 'new matter' is the statement of an independent cause of action in favor of the defendant against the plaintiff, to the end that a recovery upon it may be used in opposition to the recovery upon plaintiff's demand, by either diminishing, equalling, or exceeding the same. * * *

\* \* \* \* \* \*

"We think the new matter alleged in appellants' answer, if true, destroys or bars respondent's right of recovery. While it admitted the due execution and delivery of the notes sued upon in *the complaint, it set up a state of facts,* which, if true, would constitute an independent cause of action in favor of appellants and against respondent, and was such a cause of action as might be used in opposition to respondent's recovery against them upon his cause of action. Appellants having offered substantial evidence in support of their cause of action, pleaded as new mat-

ter in their answer, it was error for the court to direct that such evidence be stricken, and the jury instructed to return a verdict in favor of respondent."

See also Nollman v. Evenson, 5 N.D. 344, 65 N.W. 686.

■ Under the principles set out and discussed in Smith v. Marley, supra, the verdict of the jury indicates that the jury merely found there was nothing still due the plaintiff on its complaint and that there was nothing further due the cross-complainant on its cross-complaint over and above the $1,500 admittedly unpaid on the contract.

■ In Baldwin v. Ewing, 69 Idaho 176, at page 180, 204 P.2d 430, at page 432, we discussed the verdict of a jury as follows:

"A jury is only required to find as to ultimate facts; and if it finds that plaintiff is entitled to recover, to fix the amount of recovery. If the finding is that plaintiff is not entitled to recover, the verdict should be for defendant. Where, as here, the jury finds that *plaintiff* is entitled to recover '$ none,' it is in fact and in law a finding for the defendant."

In Moore v. Harland, 71 Idaho 376, at pages 379–380, 233 P.2d 429, at pages 431–432, in an automobile damage action, we said:

"Appellant complains of Instruction No. 22 wherein the court submitted to the jury four forms of verdicts. The first form of verdict was a finding in favor of plaintiff and assessing his damages at the sum of $———. The second form of verdict was a finding for the plaintiff without damages. The third form of verdict was a finding for the defendant and cross-complainant and assessing his damages at the sum of $———. And the fourth form of verdict was a finding for the defendant and cross-complainant without damages. The jury brought in a verdict for the plaintiff without damages. We have recently held that this form of verdict was, in effect, a verdict for defendant; and is not ground for granting a new trial. Baldwin v. Ewing, supra. While the submission of this form of verdict to the jury was irregular, it was not reversible error."

The verdict of the jury was in fact and in law a verdict for defendant. We find no reversible error in the instruction of the court, the verdict of the jury or the judgment entered in accordance therewith. The judgment is affirmed. Costs to respondent.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.